**In re PROOF OF the PUDDING, INC., d/b/a Proof of the Pudding, Debtor.**

**BOARD OF MANAGERS OF ST. TROPEZ CONDOMINIUM, Plaintiff,**

v.

**PROOF OF the PUDDING, INC., Defendant.**

**Bankruptcy No. 79 B 10332.**
**Adv. No. 80–5451–A.**

United States Bankruptcy Court,
S. D. New York.

April 15, 1981.

**460**

Chester B. Salomon, New York City, for plaintiff.

Sherman & Citron, P.C., New York City, for debtor.

### DECISION ON MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

The motion by plaintiff, Board of Managers of St. Tropez Condominium ("Condo-

minium"), for summary judgment on its second cause of action against Proof of the Pudding, Inc., the defendant and debtor in possession, pursuant to Bankruptcy Rule 756 and Rule 56 of the Federal Rules of Civil Procedure (FRCP), is denied.

On December 20, 1979, Proof of the Pudding, Inc. filed a petition in this court pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.* (1978). Prior to the filing, on March 31, 1966, Proof of the Pudding had entered into a lease (the "Lease") with the Condominium as landlord, and defendant as tenant, covering certain premises located in New York City.[1] On December 11, 1980, the Condominium commenced the within adversary proceeding seeking to have paragraph 76(f), the renewal clause of the Lease declared unenforceable, contending that the provisions were indefinite and uncertain as to material terms and therefore constituted a mere agreement to agree. (Cf. *United States of America v. Bedford Associates, et al.,* —— F.2d —— (2d Cir. 1981).) Defendant asserts, however, that the intent of the parties relative to paragraph 76(f) was to create a general covenant to renew the Lease or, alternatively, a first refusal option.

FRCP Rule 56, made applicable to this proceeding by Bankruptcy Rule 756, provides in pertinent part:

> . . . [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law. (emphasis added)

In determining whether to grant a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Thea-*

---

1. The premises have dual addresses of 340 East 64th Street and 1165 First Avenue.

ters, Inc., 388 F.2d 272, 279 (2d Cir. 1967) on remand 45 FRD 38 (S.D.N.Y.1968), later app. 446 F.2d 1131 (2d Cir. 1971), cert. denied, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972); Friedman v. Meyers, 482 F.2d 435, 439 (2d Cir. 1973); Cali v. Eastern Airlines, Inc., 442 F.2d 65, 71 (2d Cir. 1971). Furthermore, on a motion for summary judgment, the court must resolve all doubts in favor of the party opposing the motion. Heyman v. Commerce and Industry Insurance Co. ("Heyman"), 524 F.2d 1317, 1320 (2d Cir. 1975) citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Summary judgment is particularly inappropriate where issues of intent are concerned. Friedman v. Meyers, supra at 439.

■ In this case, this court is asked to grant summary judgment where an ambiguous contract provision is at issue. The Second Circuit's decision in Heyman, supra, is dispositive. "Where contractual language is susceptible of at least two fairly reasonable interpretations, this presents a triable issue of fact, and summary judgment is improper." Id. at 1320 (citations omitted).

Paragraph 76(f) of the Lease (with the phrase in dispute underlined) reads as follows:

> Provided Tenant is not then in default hereunder, Tenant shall have the option, exercisable by written notice to Landlord no later than February 28, 1981, <u>to renew this Lease for a term and upon conditions to be agreed upon</u>. Should such option be exercised and the lease renewed, Landlord shall pay brokerage commissions to Tankoos & Co. and Philip Goodman in an aggregate sum equal to one full commission computed in accordance with the rules and rates of the Real Estate Board of New York, Inc. now in effect based upon an extension of a fifteen year lease. Said commission shall be paid one-half to Tankoos & Co., its successors and assigns and one-half to Philip Goodman, his executors, administrators, heirs, successors and assigns.

The Condominium asserts that there was no intent of the parties to continue the Lease in the absence of an agreement on the renewal rent and term. However, Frank J. Valenza, the debtor's president, in his affidavit in opposition to plaintiff's motion for summary judgment demonstrates the existence of ambiguity with respect to the intent of the parties.

In his affidavit, Mr. Valenza, whose attorneys negotiated the lease for the tenant, states:

> While paragraph 76(f) speaks of a "term to be agreed upon", this was intended to mean a term of no less than fifteen years. This was the intent of paragraph 76(f), and is substantiated by that provision of the paragraph which fixes the commission payable to the real estate brokers based upon "an extension of a fifteen year lease". Had it not been the intention, this provision would not have been inserted in the paragraph for it would have been ludicrous to pay a commission based on a fifteen year renewal if anything less than fifteen years was contemplated. After all, the Lease was drafted for the benefit of the parties, not the real estate brokers.

Similarly, in paragraphs 8 and 9 Mr. Valenza states:

> The omission of references to "rent" in paragraph 76(f) was not accidental. Nor was the reference to a commission "based upon an extension of a fifteen year lease". The reason for the omission, and the reference to a fifteen year lease extension was that paragraph 76(f) constitutes a general covenant to renew the Lease with the understanding that the Lease was renewable at the same rent and for no less than the original combined fifteen year term of the Lease.
>
> To understand why the Debtor was given the option to renew the Lease at the same rent and for no less than an additional fifteen year term, the Court need only examine Articles 40 and 41 of the Lease which required the Debtor to install "furniture, furnishings, fixtures, decorations, appliances and equipment"

at the Debtor's premises, and make significant alterations to the premises. In fact, the Debtor complied with each of these paragraphs at a total cost in excess of $400,000.00. To properly amortize such costs the Debtor contemplated that it would require a lease of no less than thirty years with an interim option not to go forward after fifteen years if business conditions indicated that the Debtor should not exercise the renewal option contained in paragraph 76(f) of the Lease.

The affidavit of Chester B. Salomon, in support of plaintiff's motion for summary judgment, asserts many inconsistencies between Mr. Valenza's affidavit and his testimony at his Bankruptcy Rule 205(a) examination; however, all ambiguities and disagreements must be resolved in favor of the party against whom summary judgment is sought. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). "Thus when the party against whom summary judgment is sought comes forth with affidavits . . . that generate uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate. Indeed, it is the very purpose of the trial to establish which party's version of the contested circumstances best comports with reality." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

This court agrees that "[t]he parties have a right to present oral testimony or other extrinsic evidence at trial to aid in interpreting a contract whose provisions are not wholly unambiguous." *Heyman, supra*, 524 F.2d at 1320 citing *Asheville Mica Co. v. Commodity Credit Corp.*, 335 F.2d 768, 770 (2d Cir. 1964).[2]

Plaintiff's motion for summary judgment is denied.

---

2. "The parole evidence rule is not a bar to such testimony. The evidence does not vary or contradict the written terms of the contract, but merely aids in their interpretation. See 3 Corbin, Contracts § 579 (1960)". *Heyman, supra*, 524 F.2d at 1320 n. 2.