**John T. O'LOUGHLIN,
Plaintiff, Appellant,**

v.

**NATIONAL RAILROAD PASSENGER
CORPORATION, Defendant, Appellee.**

No. 90–2072.

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1991.

Decided March 18, 1991.

Jonathan A. Karon with whom Bruce G. Tucker and Tucker & Biegel were on brief, for defendant, appellee.

Before CAMPBELL and SELYA, Circuit Judges, and BOWNES, Senior Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff, John T. O'Loughlin seeks damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60, the Federal Safety Appliance Act, 45 U.S.C. §§ 1–16, and the Boiler Inspection Act, 45 U.S.C. §§ 22–34, for injuries he allegedly sustained while he was employed by the defendant, National Railroad Passenger Corporation ("Amtrak"). O'Loughlin appeals from the district court's order dismissing the complaint for failure to comply with the statute of limitations.

His original complaint was filed on January 23, 1990, asserting a claim for injuries occurring, allegedly, on August 6, 1987.[1] By a stipulation of the parties filed on July 16, 1990, O'Loughlin was allowed to amend this complaint, though Amtrak explicitly stated in a cover letter accompanying the signed stipulation that its assent was conditioned upon its "reservation of the right to raise any and all defenses to your amended complaint, including, but not limited to, the statute of limitations." O'Loughlin filed the amended complaint also on July 16, 1990. The sole difference between the amended complaint and the original one was a change in the date of the alleged incident from "August 6, 1987" to "June 8, 1987." Amtrak then moved to dismiss[2] O'Loughlin's amended complaint as being barred by the three-year statute of limita-

Stanley M. Shingles with whom Brobyn & Forceno was on brief, for plaintiff-appellant.

1. The original complaint was filed in the Eastern District of Pennsylvania. The parties stipulated that the matter be transferred to the District of Massachusetts on April 16, 1990.

2. Amtrak attached a number of affidavits and exhibits to its motion to dismiss, which, alternatively, was styled a motion for summary judgment under Fed.R.Civ.P. 56. O'Loughlin also submitted a number of documents outside of the pleadings in support of its response to Amtrak's motion to dismiss. Since the amendment itself was stipulated to, the sole issue before the court was whether the amendment related back

under Fed.R.Civ.P. 15(c). This poses a question of law within the exclusive province of the court; and, as indicated below, the question must be resolved primarily by reference to the pleadings. To whatever limited extent resolution of the question may also require the court to refer to facts outside the pleadings, these will likely be undisputed or else should be determined in the preliminary hearing by the court itself. *Compare* Fed.R.Civ.P. 12(d). In any event, the situation is not governed by summary judgment procedures under Rule 56.

tions under the FELA, 45 U.S.C. § 56.[3] Amtrak pointed out that O'Loughlin's *amended* complaint was filed five weeks more than three years after the alleged incident on June 8, 1987. The district court, after hearing, granted Amtrak's motion. O'Loughlin then appealed. We affirm.

Amtrak emphasizes that O'Loughlin notified it of two separate incidents: *first,* O'Loughlin reported to Amtrak that he had injured his neck, back and right arm in a collision between two railroad cars on June 8, 1987; *second,* O'Loughlin reported an injury to his neck and back when bending over to insert a cable into a railroad car on August 6, 1987. Amtrak argues that the original complaint asserted a claim for the August 6 accident whereas the amended complaint asserted a claim for the entirely different June 8 accident. Amtrak argues that, in those circumstances, it could not be determined that, "the claim . . . asserted in the amended [complaint] . . . arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original . . . [complaint]." Accordingly, there is no basis for deeming the amended complaint to relate back to the date of the original pleading under Fed.R.Civ.P. 15(c).[4]

O'Loughlin argues, to the contrary, that the amendment does relate back under Rule 15(c) to January 23, 1990, the day the original complaint was filed. If so, the amended complaint would be well within the limitations period. O'Loughlin argues the amendment merely corrected a clerical error confusing the dates. (He suggests that 6/8/87 was, at some point, transposed to 8/6/87, although this does not fully explain how 8/6/87 became transmuted into "August 6, 1987," as written in the original complaint.) O'Loughlin argues that the

fact he sustained a separate injury on August 6 was only a curious coincidence, the existence of which did not prejudice Amtrak. According to O'Loughlin, correspondence between the parties prior to the date the original complaint was filed establishes that Amtrak was well aware all along that it was the June 8, 1987 train collision incident that was really at issue in the original complaint, notwithstanding the August 6 date. O'Loughlin also contends that, even if Amtrak was not so aware, there is no evidence in the record suggesting that Amtrak changed its position as a result of this error in such a way as to affect its ability to defend the lawsuit.

■ While courts have generally allowed amendments that correct technical errors to relate back where such corrections do not set up a new claim for relief, this court has refused to allow an amendment to assert a claim which was not even suggested in the original complaint. *Tessier v. United States,* 269 F.2d 305, 308 (1st Cir.1959). This approach is consistent with the law as commonly stated:

[I]f the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired.

6A Wright, Miller & Kane, *Federal Practice and Procedure,* § 1497 (2d ed. 1990). *See also* 3 *Moore's Federal Practice,* ¶ 15.15[3] (1990) ("*[I]f the original pleading gives fair notice of the general fact situation out of which the claim or defense arises,* an amendment which merely makes more specific what has already been

---

3. As neither the Federal Safety Appliance Act nor the Boiler Inspection Act create independent causes of action for personal injuries, plaintiff's action must be brought pursuant to the FELA, and the statute of limitations under the latter has been held to govern here. *See Urie v. Thompson,* 337 U.S. 163, 188–89 & n. 30, 69 S.Ct. 1018, 1033–34 & n. 30, 93 L.Ed. 1282 (1949); *McKenna v. Washington Metropolitan Area Transit Authority,* 829 F.2d 186, 188 (D.C. Cir.1987).

4. Fed.R.Civ.P. 15(c) reads, in pertinent part, as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

alleged ... will relate back even though the statute of limitations has run in the interim."). (Emphasis supplied.)

■ We have scoured the original complaint and can find no allegation of facts that could be said to give Amtrak fair notice of the general fact situation out of which the claim in the amended complaint arose. The original complaint simply asserts: "On or about August 6, 1987, the Plaintiff, while working within the scope of his employment in Boston, Massachusetts, was injured due to unsafe and inadequate working conditions." As reports relating to two incidents had been earlier submitted, one on June 8, 1987, and the other on August 6, 1987, it could not be ascertained from the original complaint that O'Loughlin was suing for the separate injury he had sustained on June 8, 1987.[5] As he had a continuing relationship as an employee with the company, O'Loughlin could have been injured "due to unsafe and inadequate working conditions" on either date. The original complaint provides no hint that O'Loughlin was attempting to assert a claim for the June 8, 1987 train collision, and the amended complaint asserting such a claim therefore cannot relate back.

O'Loughlin's submission of correspondence that purportedly notified Amtrak of his intent to pursue a claim for the June 8, 1987 train collision cannot change this result. It is the complaint itself which must provide notice. Of course, the complaint may be supplemented by basic extrinsic facts known to the parties. An Amtrak passenger plaintiff might establish, for example, with the help of outside evidence, that the defendant had received adequate notice of a particular accident merely from allegations of a train wreck in the complaint, even though the date of the accident was misstated. But this is not such a situation. Even if contextual facts are considered, the complaint does not suggest that it is based on a June 8 train collision. Rather, it only asserts as its basis the August 6 accident which in fact O'Loughlin had reported.

■ Plaintiff would have us require the district court, entirely on the basis of correspondence and other extrinsic evidence, to determine that the original complaint was actually meant to refer to the June 8, 1987 incident. Extrinsic evidence would be used not just to amplify but to contradict the original complaint on the only point that provides notice of the occurrence on which the complaint is based—the date. We decline to take that step. We realize that, to some degree, matters of this type are positioned on a continuum. Once evidence of any extrinsic facts is accepted, one can argue that there should be no stopping. But to permit the outright contradiction of the original complaint involves too great a potential for confusion and uncontrolled collateral fact-finding.[6] Rule 15(c) confines inquiry to the fact situation "set forth or attempted to be set forth" in the original complaint. If the original complaint, as here, specifies an entirely different factual situation from the amendment, it cannot be said even "to attempt" to set forth the latter.

The cases that allow amendments correcting technical errors in a complaint to relate back under Rule 15(c) are fully consistent with this analysis. In those cases, it was *the allegations in the complaints* that provided the most substantial notice of the transaction or occurrence at issue. In

---

5. The situation thus differs from that in *Kelcey v. Tankers Co.,* 217 F.2d 541, 543 (2d Cir.1954), *see infra,* where the court allowed an amendment changing the date of a single accident to relate back.

6. Besides correspondence, O'Loughlin submitted a copy of a contingent fee agreement and other evidence to show counsel's intent in drafting the complaint to assert the June 8 collision as the basis for his suit. But we think these extrinsic materials are not a proper basis for a finding that O'Loughlin "attempted" to set forth the June 8 train collision as the basis for his original complaint, within the meaning of Rule 15(c). While Rule 15(c) reflects the liberalization of pleading requirements in the Federal Rules of Civil Procedure, we do not think that the rule was intended to allow the question of relation back to turn solely on proof of subjective intent in drafting pleadings. Rather, we think that the "attempt" language of Rule 15(c) was intended to allow corrections where the details of allegations in the pleading are inaccurately set forth.

*Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945), the Supreme Court allowed an amendment alleging additional facts constituting negligence to relate back since the original complaint notified defendant that plaintiff was trying to enforce a claim based on events leading up to a death in the defendant's yard. In *Kelcey v. Tankers Co.*, 217 F.2d 541, 543 (2d Cir.1954), the court of appeals allowed an amendment changing the time and place of an assault alleged in the original complaint to relate back, since the complaint put defendant on notice of a claim for the only assault incident that had taken place, and the defendant could reasonably have ascertained its true time and place. *See also Siegel v. Converters Transportation, Inc.*, 714 F.2d 213, 216 (2d Cir.1983); *Staren v. America National Bank and Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976) ("[T]he original complaint served to notify defendant ... of the actual claim being asserted against it.").

*Affirmed. Costs to appellee.*