Zee-Bar Inc v. Kaplan                    CV-88-60-B    01/22/93 P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Zee-Bar, Inc., et al.

    v.                                Civil No. 88-60-B

Gerald N. Kaplan, et al.


O R D E R


    Plaintiffs appeal from the Magistrate Judge's order denying their motion to amend their accountant malpractice complaint by adding a claim of negligence between 1976 and 1983 to their existing claim of negligence between 1983 and 1985.  The Magistrate Judge denied the motion because he determined that it was barred by the statute of limitations.  Plaintiffs disagree and contend that the proposed amendment should "relate back" to the complaint pursuant to Fed. R. Civ. P. 15(c)(2) because it arises from the same conduct, transactions, or occurrences described in the complaint.

    For the reasons discussed below, I accept plaintiffs' Rule 15(c)(2) argument insofar as it applies to the specific conduct identified in the complaint.  Nevertheless, I deny the motion to amend on other grounds.

## PROCEDURAL HISTORY

This case has a complex procedural history which merits extended discussion.

Plaintiffs Zee-Bar, Inc. - New Hampshire, T & Z Realty, Inc., R.Z., Inc., Zee-Bar, Inc. of Vermont, and Robert R. Zabarsky commenced this action by filing an 80-paragraph complaint against their former accountants on February 17, 1988 ("the 1988 complaint"). The complaint alleges that one of the defendants, Gerald Kaplan, began providing accounting services to some of the Zee-Bar plaintiffs in 1971. Plaintiffs' first contact with the other defendants was allegedly in 1983, when Kaplan formed a partnership with defendant Stanley L. Shuman. Defendant, Lynne Norton, was the office manager of the resulting partnership, defendant Kaplan and Shuman, C.P.A.

The 1988 complaint contains five counts. Count I alleges a claim pursuant to 18 U.S.C. § 1962(c) ("civil RICO"). In this count, plaintiffs claim that Kaplan engaged in a pattern of racketeering activity dating back to 1976. Count II alleges a civil RICO conspiracy beginning after Kaplan and Shuman, C.P.A. was formed. Count III alleges violations of New Hampshire's Consumer Protection statute, also beginning after the formation of Kaplan and Shuman, C.P.A. Count IV alleges fraud and

2

includes all of the specific conduct identified in the complaint. Count V alleges negligence. Although the fact section of the complaint states that Kaplan engaged in "gross and willful neglect of plaintiffs' accounting matters as well as misleading financial and tax advice" beginning in 1976, the negligence count itself is expressly limited to conduct which occurred on or after 1983.

On April 25, 1989, the court (Devine, J.) dismissed the RICO counts (Counts I and II). As a result, plaintiffs commenced a separate action against the same defendants by filing a 223-paragraph complaint restating and expanding the civil RICO claims ("the 1989 complaint"). Count I of the 1989 complaint alleges civil RICO violations beginning in 1976. Counts II and III allege civil RICO violations beginning in 1983, after the formation of Kaplan and Shuman, C.P.A.

The defendants moved to strike the 1989 complaint on the ground that it was precluded by the court's earlier order dismissing the civil RICO counts from the 1988 complaint. On January 12, 1990, the court, relying on Fleet Credit Corp. v. Sion, 893 F.2d 441 (1st Cir. 1990), concluded that the RICO counts in the 1988 complaint should have been allowed.

Accordingly, the court denied the motion to strike and consolidated the 1988 and 1989 complaints.

Plaintiffs later abandoned Count III of the 1989 complaint and all of their claims against Shuman and Norton. The court dismissed the Consumer Protection Act count (Count III of the 1988 complaint) and all claims against Kaplan and Shuman, C.P.A. Finally, the court granted summary judgment with respect to all of the civil RICO counts except the allegations in Count I of the 1989 complaint that Kaplan had engaged in mail fraud arising from the improper payment of certain New England Telephone bills. This left Kaplan as the only defendant and the limited civil RICO claim, the fraud claim, and the negligence claim as the only active causes of action.

The discovery deadline passed on August 15, 1991. Pretrial Statements were filed by Kaplan on October 25, 1991 and by the plaintiffs on November 1, 1991. Neither plaintiffs' expert disclosure statement nor their pretrial materials suggest that they would be seeking to hold Kaplan liable for negligence which occurred prior to 1983. However, at a pretrial conference on October 15, 1992, plaintiffs' counsel informed the Magistrate Judge that plaintiffs intended to argue that Kaplan negligently prepared and filed plaintiffs' tax returns between 1975 and 1983.

4

On October 19, 1992, plaintiffs moved to amend the complaint to include Kaplan's allegedly negligent conduct prior to 1983.

## STANDARD OF REVIEW

Because I am asked to reconsider an order of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), I will not reverse the order unless plaintiffs demonstrate that the order was clearly erroneous or contrary to law.  See generally Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).  However, I may affirm the order on any ground supported by the record.  See generally Acheu v. United States, 910 F.2d 28, 30 (1st Cir. 1990) (appellate court can affirm a decision on any ground preserved by the record); Bergen v. F/V St. Patrick, 686 F.Supp. 786, 787 (D. Alaska 1988) (affirming a magistrate judge's decision on other grounds).

## DISCUSSION

The command of Fed. R. Civ. P. 15(a) that leave to amend "shall be freely given when justice so requires . . ." is consistent with a broad policy underlying the Federal Rules of Civil Procedure that in most instances disputes should be decided on their merits.  See generally Forman v. Davis, 371 U.S. 178,

182 (1962); <u>United States v. Hougham</u>, 364 U.S. 310, 317 (1960), <u>reh'g denied</u>, 364 U.S. 938 (1961). Nevertheless, a court considering a motion to amend should consider the totality of circumstances and balance the equitable considerations which bear on the motion. Whether the proposed amendment would unfairly prejudice the opposing party, whether the party seeking to amend has exercised due diligence, and whether the proposed amendment would be an exercise in futility are all factors which may be considered when ruling on a motion to amend. <u>Quaker State Oil Refining Corp.</u>, 884 F.2d at 1517; <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 59 (1st Cir. 1990); <u>Carter v. Supermarkets General Corp.</u>, 684 F.2d 187, 192 (1st Cir. 1982). The fact that a proposed amendment is barred by the statute of limitations is a proper ground to deny a motion to amend because such an amendment would be futile. 3 James W. Moore & Richard D. Freer, <u>Moore's Federal Practice</u>, ¶15.08[4] (2d ed. 1992); <u>Sackett v. Beaman</u>, 399 F.2d 884, 889 (9th Cir. 1968).

I.   <u>RULE 15(c)</u>.

The Magistrate Judge denied the motion to amend because he concluded that the proposed amendment was barred by N.H. Rev. Stat. Ann. § 508:4, the applicable six-year statute of

limitations. In reaching this conclusion, the Magistrate Judge also determined that the "relation back" provisions of Fed. R. Civ. P. 15(c)(2) did not save the proposed amendment from the statute of limitations because the proposed amendment did not arise from the same "conduct, transaction or occurrence" as the conduct at issue in the complaint. Although the parties disagree as to when the six-year statute of limitations began to run, the plaintiffs concede that the statute of limitations would bar the proposed amendment unless it is deemed to relate back to the complaint. Moreover, the plaintiffs do not argue that the amendment should be allowed under state relation back law pursuant to Rule 15(c)(1). Thus, plaintiffs' only argument is that the proposed amendment is saved by the relation back provisions of Rule 15(c)(2).[1]

_____

[1]The parties assume that this matter is governed by federal law. Nevertheless, because jurisdiction is based upon diversity of citizenship between the parties, I must first determine whether to apply state or federal relation back law. See Erie R.R. Co. v. Tomkins, 304 U.S. 64, 78 (1937); see also Hanna v. Plumer, 380 U.S. 460, 465 (1965). Rule 15(c)(1) now provides that an amendment should be allowed to relate back if state relation back law would permit the amendment. Accordingly, the choice of law issue is moot in such circumstances. The issue, however, must still be addressed where an amendment would relate back to the complaint under Rule 15(c) but not under state relation back law. In Marshall v. Mulrenin, 508 F.2d 39, 44 (1st Cir. 1974), which was decided before the adoption of Rule 15(c)(1), the First Circuit Court of Appeals applied state relation back law to allow an amendment that would not have been

7

Plaintiffs make several arguments to support their claim. First, they argue that the proposed amendment merely provides further definition to the 1988 negligence claim. This argument plainly has no merit. The 1988 negligence count is expressly limited to negligence which occurred after 1983, when Kaplan formed his partnership with Shuman. The proposed amendment seeks to recover for negligence arising prior to 1983, when Kaplan was working on his own. Accordingly, the conduct implicated by the proposed amendment is different from the conduct which forms the basis for the negligence count in the 1988 complaint. In such circumstances, relation back is not permitted by Rule 15(c)(2). O'Loughlin v. National R.R. Passenger Corp., 928 F.2d 24, 26-28 (1st Cir. 1991).

Plaintiffs also claim that the proposed amendment should be allowed because the 1988 and 1989 complaints contain a general allegation that Kaplan was guilty of "gross and willful neglect" between 1976 and 1985. I reject this argument because, notwithstanding the general allegation of willful neglect prior

_____

saved from the statute of limitations by Rule 15. In Freund v. Fleetwood Enterprises, Inc., 956 F.2d 354, 362 (1st Cir. 1992), the court declared that federal law governs relation back questions in diversity of citizenship cases. Because I cannot reconcile Marshall and Freund, I conclude that Marshall has been overruled by implication and apply federal law.

to 1983, the negligence count is expressly limited to conduct which occurred on or after 1983. Having chosen to rely on specific conduct in their negligence claim, plaintiffs cannot now fall back on a more general allegation of negligence elsewhere in the complaint to save the proposed amendment from the statute of limitations.

Plaintiffs' only meritorious argument is their claim that the proposed amendment should be allowed because it merely seeks to apply a new legal theory to specific conduct identified in Count I of the 1989 complaint. In making this argument, plaintiffs correctly note that Rule 15(c)(2) is directed to conduct rather than causes of action. As long as conduct is placed in issue in the complaint, a proposed amendment applying a new legal theory to the identified conduct should ordinarily be permitted to relate back to the original complaint. Both the 1988 complaint and the 1989 complaint identify several specific instances of misconduct which Kaplan allegedly engaged in prior to 1983. Although these instances of alleged misconduct were cited in support of plaintiffs' civil RICO theories rather than their negligence claims, this should not prevent plaintiffs from claiming the benefit of Rule 15(c)(2) since they are merely attempting to alter the legal theory which applies to conduct

9

identified in the complaint.  Thus, I must respectfully disagree with the Magistrate Judge's conclusion that the proposed amendment does not relate back to the 1989 complaint.

In reaching this conclusion, I reject Kaplan's argument that I cannot rely on facts placed in issue in the 1989 complaint to permit an amendment of the 1988 complaint.  The case he cites for this proposition, <u>Morgan Distribution Co. v. Unidynamic Corp</u>, 868 F.2d 992 (8th Cir. 1989), is distinguishable.  In the present case, the 1988 complaint only became necessary because the court dismissed the civil RICO claims from the 1988 complaint.  When the court later concluded that the civil RICO claims should have been allowed, the court for all practical purposes allowed the 1989 complaint to serve as an amendment to the 1988 complaint.  Thus, this case is unlike <u>Morgan Distribution Co.</u>, where the plaintiff sought to invoke Rule 15(c) to save one action by arguing that it should be deemed to relate back because of allegations made in an entirely separate action.

## II.  <u>RULE 15(a)</u>.

Although I reach a different conclusion from the Magistrate Judge on the applicability of Rule 15(c)(2), I nevertheless

10

affirm his decision because I conclude that the amendment should not be allowed under Rule 15(a).

Notwithstanding the liberal amendment policy underlying Rule 15, I need not allow an amendment if, in balancing the equities, I conclude that the proposed amendment should be denied. Quaker State Oil Refining Corp., 884 F.2d at 1517; Hayes v. New England Millwork Distrib., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979). In the present case, the plaintiffs concede that they became aware of Kaplan's alleged negligence more than two years before they filed the 1988 complaint, and more than six years before they first sought permission to amend. By the time plaintiffs moved to amend, discovery had been closed for more than a year, expert reports had been disclosed, and pretrial statements had been filed. None of the pretrial materials identify the negligence theory which plaintiffs now seek to advance. Astonishingly under these circumstances, plaintiffs have failed to offer any credible explanation for their long delay in moving to amend.

Equally important is the prejudicial effect of the plaintiffs' delay on the defendant. The proposed amendment seeks to apply a new legal theory to conduct which occurred as long as 16 years ago. Memories undoubtedly have faded in the intervening years and the court has already determined that documents which

11

bear on plaintiffs' claims have been destroyed.  <u>See</u> Order, May 15, 1992.  Under these circumstances, Kaplan's ability to rebut the new allegations cannot help but be unfairly hampered. Moreover, discovery has been closed for some time.  If the amendment is allowed, Kaplan will have to incur substantial additional costs to reopen discovery and investigate plaintiffs' new legal theory.  The April 1993 trial date could well be in jeopardy.  Under these circumstances, the balance of equities tips substantially in favor of the defendants.  Accordingly, albeit on different grounds, I affirm the Magistrate Judge's decision denying the motion to amend.

    SO ORDERED.


                          _____
                          Paul Barbadoro
                          United States District Judge

January  22, 1993

cc:  James P. Bassett, Esq.
     Randolph J. Reis, Esq.
     Robert Reis, Esq.