In re NEW BEDFORD CAPACITOR, INC. f/k/a Aerovox, Inc., Debtor.

New Bedford Capacitor, Inc., f/k/a Aerovox, Inc., Plaintiff,

v.

Sexton Can Company, Inc., Defendant.

Bankruptcy No. 01–14680–JNF.
Adversary No. 03–1295.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 10, 2003.

Charles R. Bennett, Jr., Hanify & King, Boston, MA, for Debtor/Plaintiff.

Francis C. Morrissey, Nixon Peabody LLP, Boston, MA, for Defendant.

## MEMORANDUM

JOAN N. FEENEY, Chief Judge.

### I. INTRODUCTION

The matter before the Court is the Defendant's Motion for Partial Summary Judgment with respect to the Amended Complaint filed by New Bedford Capacitor, Inc. (the "Debtor"). Through its Amended Complaint, the Debtor seeks to avoid and recover eight allegedly preferential transfers made to the Defendant. Pursuant to its Motion for Partial Summary Judgment, Sexton Can Company, Inc. (the "Defendant") asks for judgment in its favor with respect to a transfer in the sum of $31,696.00 on the grounds that the transfer was not one of seven transfers set forth in the Debtor's original Complaint and that the statute of limitations now bars the claim for the additional transfer set forth in the Amended Complaint.

The Court held a hearing on the Defendant's Motion and the Debtor's Opposition on October 22, 2003. The material facts necessary to decide the Motion for Partial Summary Judgment are not in dispute. *See* Fed.R.Civ.P. 56 made applicable to this proceeding by Fed. R. Bankr.P. 7056.

Accordingly, the matter is ripe for summary judgment. The issue presented is whether the Debtor's additional claim for the avoidance and recovery of a payment in the sum of $31,696.00 as set forth in its Amended Complaint, which was filed after the expiration of the applicable limitations period relates back to the timely filed original Complaint because it arose out of the same conduct, transaction or occurrence. *See* Fed. R. Civ. 15 made applicable to this proceeding by Fed. R. Bankr.P. 7015.[1] For the reasons set forth below, the Court finds that it does not and grants the Defendant's Motion for Partial Summary Judgment.

### II. FACTS

The Debtor filed a voluntary Chapter 11 petition on June 6, 2001. Pursuant to 11 U.S.C. § 546(a) it had two years from the entry of the order for relief to commence an action to avoid and recover preferential payments made to the Defendant.[2] The Debtor and the Defendant entered into a tolling agreement on June 3, 2003 pursuant to which the Defendant agreed to an extension of the limitations period set forth in § 546(a) up to and including July 7, 2003. The Court approved the tolling agreement.

---

**1.** Fed.R.Civ.P. 15(c) provides in pertinent part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, . . . .

**2.** Section 546(a) provides in pertinent part the following:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104,1163, 1202, or 1302 of this title, if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.
> 11 U.S.C. § 546(a).

On July 7, 2003, the last day of the limitations period, the Debtor filed a three and one-half page, one count Complaint against the Defendant seeking to avoid and recover seven check or wire transfer payments made to the Defendant. The Debtor set forth the payments in a chart, listing the check date, the check number and the check amount, as well as the date of the wire transfer and its amount. According to the Debtor, the payments totaled $558,341.26. The Debtor made the following additional allegations, which mirror the elements of a preference set forth in § 547(b)(1)-(4) of the Bankruptcy Code.

> Each of the checks and the wire transfer the Debtor issued on account of the Payments cleared the Debtor's banks within ninety (90) days of the Petition Date.
> The Payments were transfers of the Debtor's property.
> The Payments were to or for the benefit of the Defendant.
> The Payments were for or on account of an antecedent debt owed by the Debtor to the Defendant before such transfer was made.
> The Debtor was insolvent at all time that it made the Payments.

Complaint at ¶¶ 9–13.

The Debtor stated in its Complaint that, after it made the payments to the Defendant, the Defendant provided it with new value in the amount of $250,084.24, resulting in net preferential payments of $276,561.02. According to the Debtor, again mirroring the final component of a preferential transfer set forth in § 547(b)(5), "[t]he Net Preferential Payments enabled the Defendant to receive more than it would receive if (a) the bankruptcy proceeding was a proceeding under Chapter 7 of the Bankruptcy Code; (b) the Payments had not been made; and (c) the Defendant received payments of such debt

to the extent provided by the provisions of the Bankruptcy Code." *Id.* at ¶ 16.

On July 28, 2003, the Debtor filed its Amended Complaint as of right under Fed. R.Civ.P. 15, made applicable to this proceeding by Fed. R. Bankr.P. 7015. Through its three and one-half page, one count Amended Complaint, the Debtor claimed one additional preferential payment in the sum of $31,696.00. The Debtor only changed its original Complaint to reflect total payments of $558,341.26, rather than $526,645.26, and to increase the amount of the judgment sought to $308,257.02, from $276,561.02.

## III. DISCUSSION

In this case, the Plaintiff/Debtor can only prevail if this Court finds that its claim in its Amended Complaint for an allegedly preferential transfer in the sum of $31,696.00 relates back to the initial pleading. In order to find for the Debtor, this Court must determine that the allegedly preferential transfer arose out of the same conduct, transaction, or occurrence as those set forth in the initial Complaint. If the Court does not so find, the claim for the additional preference is time barred as it was brought after the limitations period set forth in 11 U.S.C. § 546(a), which was tolled by agreement for 30 days.

In *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757 (Bankr. D.Mass.1995), this Court summarized applicable law with respect to the relation back of amendments as follows:

> Resolution of this issue requires an interpretation of Fed.R.Civ.P. 15(c)(2), as made applicable to this proceeding by Fed. R. Bankr.P. 7015. Under Rule 15(c)(2), additional claims asserted by amendment that arise out of the same conduct, transaction, or occurrence as the initial pleading are permissible and

relate back to the initial pleading. Relation back is to be liberally applied if the original pleading gave the defendant fair notice of the claims that are added in the amendment. Thus, relation back is permissible if a plaintiff seeks to correct a technical mistake or omission, state a new legal theory of relief, or amplify the facts alleged in the prior complaint. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1386 (5th Cir.1994). Conversely, an amended pleading alleging a new claim or different facts or transactions not alleged in the original complaint will not relate back and will be time barred if the limitations period has expired. *O'Loughlin v. National R.R. Passenger Corp.*, 928 F.2d 24–28 (1st Cir.1991). *See generally* Wright, Miller & Kane, Federal Practice & Procedure, § 1497, at 70–79 (West 1990).

179 B.R. at 763. In *O'Loughlin*, the United States Court of Appeals for the First Circuit stated that "Rule 15(c) confines inquiry to the fact situation 'set forth or attempted to be set forth' in the original complaint. If the original complaint...specifies an entirely different factual situation from the amendment, it cannot be said even 'to attempt' to set forth the latter." 928 F.2d at 27. Moreover, in *O'Loughlin*, the First Circuit rejected the plaintiff's argument that correspondence between the parties prior to the date of the original complaint established that the defendant was aware of an additional claim. The court refused to allow the amendment, which it found was not even suggested in the original complaint, stating "[i]t is the complaint itself which must provide notice." *Id.*

 In *Coan v. O & G Indus., Inc. (In re Austin Driveway Services, Inc.)*, 179 B.R. 390 (Bankr.D.Conn.1995), the bankruptcy court considered relation back in the context of a preference complaint,

which the plaintiff hoped to amend to allege an additional preference claim after the expiration of the limitations period. After a thorough examination of applicable case law, the court observed that for purposes of analyzing "the conduct, transaction, or occurrence" under Rule 15(c), "the existence or absence of an underlying common scheme or course of conduct which is the basis of the original action and links otherwise distinct transactions" was pivotal in the courts' decisions, not the relationship between adverse parties. 179 B.R. at 397. It concluded the following:

> By its very nature, a debtor-creditor relationship always exists in an action to avoid a preferential transfer. But obviously that relationship does not by itself provide the basis for a § 547 cause of action. *Each transfer between the debtor and a potential preference defendant is an isolated event.* The challenge to each transfer will succeed if each of the five subparts of § 547(b) is proven, and none of the eight defenses in § 547(c) applies. While an underlying common scheme or course of conduct might link various transfers, the debtor-creditor relationship does not dictate such a result.

*Id.* (footnote omitted)(emphasis added). *See also Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*, 67 B.R. 304 (Bankr.S.D.N.Y. 1986).

In *Gordon v. Slaughter (In re Slaughter Co. and Assocs., Inc.)*, 242 B.R. 97 (Bankr. N.D.Ga.1999), a case involving an insider preference claim, the bankruptcy court reached the same conclusion as the court in *Coan*. Noting that the trustee's original complaint did not evidence an intent to avoid *all* transfers to the defendant which occurred during the applicable preference period, it stated:

> The holding in *Coan* is persuasive in the instant proceeding. Defendant's status

as the son of Debtor's principal seems to present an obvious avenue of investigation which Trustee should have undertaken early in the case, not on the eve of the expiration of the § 546 limitations period. To accept Trustee's argument that the vaguer the allegations in a complaint, the more likely it is that claims may be added after expiration of the statute of limitations contradicts substantive due process concerns which arise in connection with the § 546 statute of limitations. Trustee was accorded two years in which to investigate and identify avoidable transfers to Defendant. Alternatively, Trustee could have alleged in the Complaint a course of conduct or an intent to avoid all transfers to Defendant during the relevant prepetition time period. Trustee did neither and to allow Trustee to use the relation-back doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate.

242 B.R. at 102.

In this case, the Debtor argues that the Defendant is not entitled to summary judgment because 1) its amendment of the Complaint was "as-of-right" and filed before the Defendant answered the Complaint, thereby precluding any claim of prejudice; 2) the amendment merely corrected a scrivener's error; and 3) the Defendant had actual notice that the Debtor intended to seek recovery because of a demand letter. In view of the case law discussed above, the Court finds these arguments unpersuasive.

■ The Court finds that the Debtor's first argument is immaterial in view of the statute of limitations. Unless, relation back applies, lack of prejudice is not dispositive under applicable case law as the Court's focus is upon fair notice based on the four corners of the original Complaint.

■ Additionally, the Court finds that the omission of an alleged preferential payment is not a mere scrivener's error. As the court in *Coan* recognized, "each transfer between the debtor and a potential preference defendant is an isolated event." 179 B.R. at 397. Accordingly, the failure to identify that event as a separate cause of action must be considered in light of the requirement of Fed.R.Civ.P. 15(c). In other words, unless that event was part of the same conduct, transaction or occurrence, there can be no relation back, and the debtor-creditor relationship alone is insufficient to warrant the conclusion that all payments during the preference period are part of the same conduct, transaction or occurrence.

■ The allegations in the Debtor's original Complaint were lean. The Debtor identified seven transfers and paraphrased the elements of a preference set forth in § 547(b)(1)-(5). The Debtor in its original Complaint in no way suggested that it was challenging all payments made to the Defendant during the 90 days preference period. In the absence of any allegations other than the existence of a debtor-creditor relationship, which is all that the Debtor set forth in its original Complaint, this Court cannot find that relation back is warranted or permissible. *See Coan*, 179 B.R. at 397.

■ Finally, the Court is unpersuaded by the Debtor's argument that because the Defendant was aware of the additional preference claim through correspondence, it was provided with "fair notice" of the claim in the original Complaint. The United States Court of Appeals for the First Circuit has unequivocally held that notice of a potential claim must be evident from the complaint itself. The Debtor's reliance

upon a demand letter, which was not attached to Debtor's counsel's affidavit and is not part of the record in this adversary proceeding, cannot correct the absence of an allegation "not even suggested" in the original Complaint. *See O'Loughlin,* 928 F.2d at 26 ("[T]his court has refused to allow an amendment to assert a claim which was not even suggested in the original complaint."); *see also Tessier v. United States,* 269 F.2d 305, 308 (1st Cir.1959).

## IV. CONCLUSION

In accordance with the foregoing, the Court shall enter an order granting the Defendant's Motion for Partial Summary Judgment.

### ORDER

In accordance with the Memorandum dated November 10, 2003, the Court grants the Defendant's Motion for Partial Summary Judgment.