STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER DOCKET
Location: Portland
DKT. NO. BCDWB-CV-15-08

GLOBAL SPORTS CONNECTION, LLC,  )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
CARRABASSETT VALLEY SPRING      )
WATER, LLC, *et al.*            )
                                )
        Defendants.             )

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST-AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff Global Sports Connection, LLC, filed a motion for leave to file a first-amended and supplemental complaint. Defendant Anthony Rivers opposes the motion. The Court has reviewed the parties' filings and relevant law. It grants the motion for the following reasons.

A summary of the procedural history of this case is helpful to place Plaintiff's motion in the proper context. Plaintiff filed the original complaint in this case on November 13, 2014, against Carrabassett Valley Spring Water, LLC; David Smith; Anthony Rivers; and David Robeck. The allegations involved the signing of a promissory note for which the individual defendants were personal guarantors. Plaintiff was assigned the promissory note some time after it was signed and brought suit to enforce an alleged breach of the promissory note against both the LLC and the individual defendants as personal guarantors. The defendants filed their answers on January 6, 2015. On January 26, 2015, the parties sought a transfer to the Business and Consumer Docket which was granted. The Court issued a case management order on March 23, 2015, in which it set the deadline to amend pleadings for May 29, 2015, and also ordered the parties to conduct alternative dispute resolution ("ADR"). On May 28, 2015, Plaintiff filed a motion to extend the deadline to amend pleadings until June 17, 2015, which was after the scheduled ADR date. The Court granted that motion on June 5, 2015.

1

On June 22, 2015, a report of the June 16, 2015 ADR was filed with the Court stating that the case was resolved. This prompted the Court, on June 24, 2015, to enter a 30-day order to file docket entries; that deadline was thereafter extended. On October 7, 2015, Plaintiff requested a case management conference regarding enforcing the settlement agreement. The Court held such a conference with counsel and ordered the parties to return to Justice Crowley in an attempt to resolve the issues that arose after the June 16, 2015 ADR session. The Court also permitted Plaintiff to file a motion to enforce the settlement agreement. Plaintiff filed that motion on November 20, 2015, and a hearing was set for December 18, 2015. Shortly before the hearing, Plaintiff filed a motion to continue that hearing because the parties had engaged in a second mediation with Justice Crowley on December 16, 2015. Even though the parties did not come to a resolution at that mediation, they agreed to reconvene the mediation in January 2016. The Court granted the continuance on the hearing for the motion to enforce the settlement agreement.

In January 2016, the Court received a report that the subsequent mediation attempt with Justice Crowley was unsuccessful.[1] Just a couple of weeks later, on February 3, 2016, Carrabassett Valley Spring Water, LLC filed a suggestion of bankruptcy, resulting in an automatic stay of the case against it. David Smith did the same on February 9, 2016. Following a May 13, 2016 status conference, the Court issued a conference record stating that the parties would be seeking a lift of the automatic stay from the bankruptcy court and that this Court would hold a hearing on the motion to enforce the settlement agreement if the stay was lifted.[2] On August 17, 2016, the Court

---

[1] Although the June 16, 2015 ADR report stated that Anthony Rivers participated in that mediation session, it does not appear he participated in the January 13, 2016 mediation session according to Justice Crowley's report filed with the Court. The result of the June 16, 2015 ADR session was attached to Plaintiff's motion to enforce the settlement agreement; Anthony Rivers was apparently a signatory on the agreement, but it did not seem to require any financial contribution from Rivers.

[2] Anthony Rivers' attorney at the time, Benjamin Leoni, was a participant in that conference and apparently did not raise any issue regarding the claim against Rivers. It is worth noting that it was unclear at that point

held an additional status conference with the parties. In the conference record, the Court noted that Plaintiff intended to file a motion to lift the stay in the bankruptcy court within 30 days of that conference and that it would withdraw the motion to enforce the settlement agreement if the stay were lifted. The Court also noted that a further discovery/scheduling conference would be needed unless the remaining parties submitted to an agreed-upon scheduling order approved by the Court.[3] Nothing substantive occurred in the case from August 17, 2016, until October 30, 2020.[4]

On October 30, 2020, the Court held a status conference with the parties. The conference record noted that Plaintiff was preparing an amended complaint and that Plaintiff could file a motion to amend the complaint if Rivers' attorney objected to the proposed amendment. The Court directed the parties to attempt to submit an agreed-upon scheduling order by November 30, 2020, but that if they could not do so the Court would hold a scheduling conference. On November 25, 2020, Plaintiff filed a consented-to motion to extend the deadline from November 30 to December 15, 2020; the Court granted the motion. Then, on December 15, 2020, the Court extended the deadline until January 8, 2021. On January 8, 2021, Plaintiff filed its motion for leave to file an amended complaint. Plaintiff also withdrew its motion to enforce the settlement agreement.

## ANALYSIS

Once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when

whether the settlement agreement to which Rivers was apparently a signatory (even if a non-contributing signatory) would be enforced or not in this Court due to the fluid nature of the bankruptcy proceedings in relation to the pending motion to enforce the settlement agreement. Put differently, it was unclear if the settlement agreement that would seemingly resolve the claim against Rivers would be enforced.

[3] Attorney Leoni was once again a participant in the status conference on behalf of the defendants, including Anthony Rivers. The conference record does not reflect that Rivers' attorney raised any concerns regarding the claim against Rivers.

[4] There were withdrawals of counsel and entries of appearances in the interim.

3

justice so requires." M.R. Civ. P. 15(a). "A motion to amend may be denied based on one or more of the following grounds: undue delay, bad faith, undue prejudice, or futility of amendment." *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106. Due to the passage of time precipitated by the June 16, 2015 ostensible settlement and the subsequent bankruptcy proceedings by two parties to that ostensible settlement, the parties' filings have narrowed in on the issue of whether the amended complaint should relate back to the date of the original complaint.

Relevant to the issue here, Maine Rule of Civil Procedure 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." The Law Court has not had occasion to define how narrowly or broadly courts are to interpret the "conduct, transaction, or occurrence" requirement. However, the Maine Rule is modeled after the Federal Rule. *See* M.R. Civ. P. 15 advisory committee note to 1993 amend. Therefore, the Court looks to federal cases for assistance.

"The Supreme Court has interpreted the relation back doctrine liberally . . . [to] reflect[] the rationale of Rule 15(c), which is that a party who has been notified of litigation concerning a particular occurrence has been give[n] all the notice that statutes of limitations were intended to provide." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1368 (Fed. Cir. 2019) (citations and quotation marks omitted); *cf. Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one."); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000) (alteration and quotation marks omitted) ("[T]he pertinent inquiry is whether the original complaint gave the defendant fair notice of the newly

alleged claims.").

While it is true that "[a] party cannot assert a new claim that would otherwise be untimely if the new claim is supported by facts that differ in both time and type from those the original pleading set forth . . . [,] the addition of some facts in an amended pleading does not necessarily preclude a finding of relation back if the facts remain based upon the same occurrence." *Buerman v. Witkowski*, No. 1:17-CV-00444-MSM-LDA, 2020 U.S. Dist. LEXIS 39724, at \*6-7 (D.R.I. Mar. 6, 2020) (alteration, citations, and quotation marks omitted); *see also O'Loughlin v. National R.R. Passenger Corp.*, 928 F.2d 24, 26-27 (1st Cir. 1991) (holding that an amended complaint did not relate back when the plaintiff's amendment sought relief for a different accident than that set forth in the original complaint).

In this case, considering the liberal application given to the Rule and the alleged reason underlying the claim Plaintiff is asserting against Rivers, the Court concludes that the amended complaint relates back to the date of the filing of the original complaint. In the original complaint, Plaintiff sought to hold Rivers individually liable as a personal guarantor on a promissory note. The proposed amended complaint also seeks to hold Rivers individually liable as a personal guarantor on a promissory note. While the basis for holding Rivers individually liable on that promissory note has been amplified through the proposed amended complaint, Rivers was on notice from the original complaint that Plaintiff was seeking to hold Rivers liable as a personal guarantor on the promissory note. The Court views the promissory note in general upon which Plaintiff seeks to hold Rivers liable as the transaction, conduct, or occurrence that permits application of the relation-back doctrine.

Moreover, the Court does not find any undue delay, prejudice, or bad faith here. While Rivers is correct that the automatic bankruptcy stays applicable to the claims against Carrabassett

Valley Spring Water, LLC and David Smith did not automatically stay the claim against Rivers, the claim against Rivers was inextricably entwined with the outcome of the bankruptcy proceedings and Plaintiff's paused attempt to enforce the settlement agreement to which Rivers was apparently a signatory (even if not a contributing party). Indeed, as the conference records appear to indicate, all parties proceeded as if the entire case was stayed, and the deadline to amend pleadings had been continually pushed back because of the ostensible settlement that Plaintiff later attempted to enforce. At no point during the almost four-year pause of the case did Rivers seek to dismiss the claim against him for failure to prosecute pursuant to Maine Rule of Civil Procedure 41(b)(2). The intricate procedural history detailed at the outset of this order highlights how uniquely this case has unfolded.

Therefore, the Court grants Plaintiff's motion for leave to file an amended complaint. The amended complaint relates back to the date of the original complaint. The Clerk shall note this Order on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: **4/27/2021**

**Hon. M. Michaela Murphy**
**Justice, Maine Superior Court**

GLOBAL SPORT CONNECTION LLC.

    *Plaintiff(s)*

*v.*

CARRABASSETT VALLEY SPRING WATER, et al.

    *Defendant(s)*

| Party Name: | Attorney Name: |
|---|---|
| *Global Sport Connection LLC* | Aaron Burns, Esq.<br>    Pearce Dow & Burns, LLP<br>    PO Box 108<br>    Portland, ME 04412-0108<br>*-and-*<br>Colton Gross, Esq.<br>    Irwin & Morris<br>    PO Box 7030<br>    183 Middle Street Suite 400<br>    Portland, ME 04112-7030 |
| *Carrabassett Valley Spring Water, LLC*<br>*Anthony Rivers*<br>*David Smith* | **Emily Crowley, Esq.**<br>**Richard Olson, Esq.**<br>    Curtis Thaxter LLC<br>    PO Box 7320<br>    Portland ME, 04112-7320 |