**In re Floyd CHANNEL, Debtor.**

**Dorothy CHANNEL, Plaintiff,**

v.

**Floyd CHANNEL, Defendant.**

**Bankruptcy No. 1–82–00016.
Adv. No. 1–82–0026.**

United States Bankruptcy Court,
W. D. Kentucky.

Oct. 1, 1982.

Ronald L. Rothman, David F. Broderick, Bowling Green, Ky., for plaintiff.

John M. Milliken, Bowling Green, Ky., for defendant.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The perfect justification for the doctrine of collateral estoppel is made simply by reciting the facts of this case.

Floyd and Dorothy Channel were divorced in Missouri in 1981. The decree of the Circuit Court of St. Louis County dissolving the marriage is part of this record. It provides concisely that "maintenance is waived by both parties" and that Dorothy Channel was to receive "the sum of $13,-489.02 which is her one-half share of the net proceeds of the sale of the family home . . ."

■ Obligations that arise out of a distribution of property in connection with domestic relations proceedings can be discharged in bankruptcy. Debts for alimony, maintenance and support cannot.

■ Floyd Channel filed his bankruptcy petition in this district, and his former wife sued to have his obligations to her under the Missouri decree declared nondischargeable. A trial is sought.

The voice of the Missouri court resonates convincingly across the boundary into Kentucky. If "maintenance is waived" and the amount awarded to the former wife is a "share of the net proceeds of the sale of the family home" we need inquire no further. The Missouri decree will be given our fullest respect, as required not only by principles of comity but by the most literal reading of simple English.

As with two companion cases decided today, we incorporate herein our supplementary memorandum on the doctrine of collateral estoppel, based upon which we draw this litigation to a close without the necessity of a trial.

Upon the court's own motion, after a review of this file and of the applicable law, and having heard argument of counsel, we shall cause an appropriate order to be entered today dismissing the complaint.