**In re Floyd CHANNEL, Debtor.**

**Dorothy CHANNEL, Plaintiff,**

**v.**

**Floyd CHANNEL, Defendant.**

**Bankruptcy No. 18200016.
Adv. No. 1820026.**

United States Bankruptcy Court,
W.D. Kentucky.

April 20, 1983.

---

David F. Broderick, Bowling Green, Ky., for plaintiff.

John M. Milliken, Bowling Green, Ky., for defendant.

Henry H. Dickinson, Glasgow, Ky., trustee.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

*Channel v. Channel* comes back to us from the District Court with instructions to consider a pending motion for leave to file an amended complaint. The facts surrounding the appeal and the order of remand may be briefly summarized.

On October 1, 1982, this court entered a final order dismissing the original complaint in this action, which sought a declaration of nondischargeability under Section 523 of the Bankruptcy Code of a debt alleged to be in the nature of alimony or maintenance. The substance of our October 1 order is, for the purpose of our deliberations on remand, irrelevant.[1]

On the previous day, September 30, 1982, there had been filed with a divisional office of this court a motion for leave to file an amended complaint setting forth a cause of action under Section 727 of the Code. That motion was not ruled on, although it became, however prematurely, an issue on appeal. Our senior court correctly returned the matter here for initial decision.

The amended complaint sought to be filed sets forth a new cause of action, a different legal theory involving facts allegedly occurring during another time, and invoking remedies radically different from those to be found in the original complaint.

In the original complaint, the central allegation was that a Missouri divorce judgment in which "maintenance is waived" had been obtained through fraud, and that the judgment debt was in fact for maintenance. The relief prayed for under Section 523 of the Code was a determination that the $13,489 judgment debt remained collectible despite bankruptcy.

By way of contrast, the amended complaint sought to be filed alleges the entire array of transgressions prohibited by 11 U.S.C. § 727, any of which, if proven, could result in a denial of the defendant's discharge in bankruptcy, not only as to the judgment debt directly in question, but as to all of the debts listed in the debtor's petition. The amended complaint consists, in material part, of nothing more than a verbatim recitation of certain clauses and subclauses of Section 727.

As the District Court noted, it is *not* any fraud which may have resulted in the Missouri judgment, but "any evidence of fraud between the time of the Missouri decree (November 24, 1981) and the time the petition in bankruptcy was filed (January 14, 1982),"[2] which the amended complaint would have us examine.

Objections to discharge must be filed no more than 90 days after the date of the first meeting of creditors. Bankruptcy Rule 404(a); Interim Rule 4004. In this case the terminal filing date was May 5, 1982. The amended complaint objecting to discharge was not filed until September 30, 1982.

The question is whether the amended complaint should be accepted into the

---

1. The doctrine of collateral estoppel was employed to avoid a retrial on the merits of a domestic relations controversy substantially adjudicated by a Missouri court. *In re Channel,* 23 B.R. 638 (Bkrtcy., W.D.Ky.1982).

2. Memorandum of April 12, 1983, Action No. C82–0151 BG(S), (W.D.Ky.)

record and deemed to "relate back" to the filing of the original complaint, April 1, 1982. It is a question which this court has had occasion recently to address.

*In re Wahl*, 28 B.R. 688 (Bkrtcy.W.D.Ky. 1983) involved an amended complaint raising new issues of malice and intent under Sec. 523(a)(6) of the Code, to supplement the Sec. 523(a)(4) allegations of breach of fiduciary duty in the original complaint. When the amendment was filed, the time had expired, by about three months, within which an original complaint under § 523(a)(6) could have been brought. Judge Brown of this Court applied a "sufficient identity" test, holding that the amendment would be permitted only if there was:

"... sufficient identity between the causes of action asserted in the amended complaint and the basis of the action in the original complaint to enable the amendment to relate back to the original claim."[3]

Citing a substantial body of case law, Judge Brown held that prejudice to the opposing party is the dominant factor in deciding whether leave to amend should be granted, and that there must be "adequacy of notice" in the original complaint of the general wrong and act complained of in the amended pleading.

It would be difficult to construct a case in which more prejudice would occur than here, if the amended pleading were permitted. The defendant, having prevailed in the disposition of the original complaint against him, and having received a full discharge of his debts ten months ago, undoubtedly has restructured his financial affairs in reliance upon the "fresh start" he thinks has been extended to him under the Bankruptcy Code. Concerning "adequacy of notice" in the original complaint of those grievances contemplated by the amended complaint, there is none. The two pleadings, as we have noted, set up wholly different causes of action.

As between a nondischargeability complaint and a general objection to discharge there are gross differences not only in the basis of the claim and its essential allegations but in the type, measure and burden of proof. They are, it is fair to say, lawsuits without generic connection.

Consistent with the rule of *In re Wahl*, and on facts substantially identical to those of *In re Fischer*, 4 B.R. 517 (Bkrtcy.S.D.Fla. 1980), in which a similar result obtained, we hold that the motion for leave to file an amended complaint shall be, and hereby is overruled with prejudice.

One final motion remains to be disposed of pursuant to the District Court's order remanding. That is the plaintiff's earlier motion for a default judgment based on the defendant's refusal, on Fifth Amendment grounds, to submit to certain questions in deposition. That motion we had thought disposed of by virtue of our substantive resolution of the dispute in our October 1 order.

The motion for default judgment was prematurely brought. The motion invokes FRCP 37(d), which does vest this court with the discretionary sanction of entering judgment against a party for refusal to testify. But the motion fails to address another, senior, requirement of statutory law.

"The properly invoked privilege against self-incrimination" is the subject of specific treatment by the Bankruptcy Code. Sec. 727(a)(6) provides the remedy—denial of discharge—upon a debtor's refusal to answer material questions *after immunity has been granted.*

On these facts, the appropriate avenue of relief for the plaintiff was to request through the United States Attorney's office a grant of immunity, following which, upon continued refusal by the debtor to answer, an order denying discharge would have been appropriate. Ironically, plaintiff could have accomplished through timely motion practice that which her amended complaint belatedly sought to achieve, a denial of discharge. But the grant of immunity was never requested.

---

3. *In re Wahl*, supra, at p. 690–91.

In the opinion of the Court, the discretionary remedy of a default judgment must yield to the superior protection accorded the debtor-defendant by the Fifth Amendment to the Constitution of the United States. Accordingly, the motion is overruled.