In re Jesse Wayne FEHRLE, Robert L. Briney, Jr., Ruthie Briney, Debtors.

SIMPSON COUNTY BANK, INC., Plaintiff,

v.

Jesse Wayne FEHRLE, Defendant.

and

GAMALIEL BANK, Plaintiff,

v.

Robert L. BRINEY, Jr., Ruthie Briney, Defendants.

Bankruptcy Nos. 18300046, 18200568. Adv. Nos. AP1830046, AP1830045.

United States Bankruptcy Court, W.D. Kentucky.

Dec. 8, 1983.

Shelley T. Riherd, Glasgow, Ky., for Robert L. Briney, Jr. and Ruthie Briney.

Timothy J. Gillenwater, Glasgow, Ky., for Gamaliel Bank.

Keith M. Carwell, Bowling Green, Ky., for Jesse Wayne Fehrle.

Robert Lee Steers, Jr., Franklin, Ky., for Simpson County Bank.

Henry H. Dickinson, Glasgow, Ky., trustee.

## SUPPLEMENTAL MEMORANDUM

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Rare is the day when a lawyer will argue that he has made a mistake; rarer still is the time when two will do so. But today is the day. Counsel in separate proceedings involving the Simpson County Bank and the Gamaliel Bank and two different debtors both claim "clerical mistakes" in the preparation of their complaints, and now seek leave of court, much later in these proceedings, to amend those complaints.

Despite dissimilar facts and different final results, we have chosen to consolidate these two cases for purposes of this explanatory memorandum in order to make clear our position on a question which, while nominally procedural, has serious substantive implications.

These cases pose the following question: may a complaint which states a cause of action under 11 U.S.C. § 727 be amended to allow a claim to be asserted pursuant to § 523 after the deadline for filing objections to discharge, but immediately prior to trial date, or after the trial has occurred?

We have broad discretionary power to allow supplemental pleading, and freely permit complaints to be amended when necessary. We are guided at all times by the liberal tenor of the Federal Rules of Civil Procedure. However, we do not simply rubber-stamp proposed amendments; we require a "sufficient identity" [1] between the original complaint and the proposed amendment.

In a prior case, *In re Channel,* we stated that a § 523 complaint may not be *amended* into a § 727 cause of action, after the time had expired for initiating a suit of the latter sort, because of "gross differences not only in the basis of the claim and

its allegations but in the type, measure and burden of proof." [2] We realized that these pleadings were "without generic connection." [3] Our answer is the same when the question is inversely viewed; a § 727 complaint may not be untimely *amended* into a § 523 one.

The reasons for our view are self-evident in *Wahl* and *Channel,* but bear restating here. The recitation of a specific cause of action, and the selection of a particularized section of the Bankruptcy Code under which to proceed, both profoundly affect the nature of the resulting defense. To construct a complaint invoking a general denial of discharge inspires an altogether different form of defense from that which would be forthcoming in the case of a complaint seeking to have a particular debt excepted from discharge. The whole theory of the defense and the elements of its rebuttal proof are radically distinguishable in the two types of cases.

There are strong policy reasons for the time limitations imposed by the Rules of Bankruptcy Procedure for the filing of both types of actions. Creditors' interests are served by prompt attention to their claims while memories are still fresh and evidence still available. Debtors are assured of their final surcease within a reasonable time. To permit the continuation of a creditor's pursuit *ad infinitum* by a succession of amendments would be to sanction a form of slow torture inconsistent with the Code's principal objective of a "fresh start". And to allow a last-minute metamorphosis of a case in the courtroom would be not only to vitiate an entire defense, but to draw into question the impartiality of justice.

\* \* \*

We find the Simpson County Bank proceeding in a most interesting posture. In briefing the amendment issue, the debtor argued that we should dismiss each of three

---

**1.** *In re Wahl,* 28 B.R. 688 (Bkrtcy.W.D.Ky. 1983).

**2.** *In re Channel,* 29 B.R. 316, 318 (Bkrtcy.W.D. Ky.1983).

**3.** Id.

counts of the complaint.[4] Additionally, the bank has voluntarily relinquished its § 727 claim, expressly stating in its brief that "plaintiff . . . does not now intend to object to this defendant/debtor's discharge under § 727."[5] The dispute is therefore literally concluded even *without our order today.*

\* \* \*

In both of these proceedings, but in the Gamaliel Bank matter in particular, we are disinclined to believe that the mistake was purely clerical in nature. Nor, for that matter, are we necessarily convinced that there was any mistake at all.

In the Gamaliel Bank complaint, the statutory subsections relied upon were so specific (§§ 727(a)(2) and (4)), and the factual allegations immediately following so organically linked to the cited statutes, as to defy the laws of probability of their having been the product of clerical error. The bank's pleading, taken as a whole and standing alone, presents a denial-of-discharge complaint in clear configuration. Its only failing was that the facts it alleged did not bear the necessary relationship to the facts adduced at trial.

We have here, it appears, not a case of clerical error, but one of election of remedies—and the creditor chose the harshest but most difficult one available.[6]

The Gamaliel Bank dispute proceeded to trial, then, on the merits of the § 727 complaint as it stood. During a recess in chambers after the close of the plaintiff's case the court pointed out the obvious weakness of the case,[7] after which, predictably, plaintiff's counsel moved to amend the complaint and defendant's counsel moved for dismissal. We reserved ruling on both motions and

heard the balance of the case, to determine whether any of the nine statutory conditions warranting a denial of discharge would be revealed. None were.

■ The transcript in the Gamaliel Bank case recounts testimony regarding the debtor's foreknowledge of the encumbered status of property pledged as collateral to the bank to obtain an extension on an account receivable assigned to the bank. Regardless of the debtor's state of mind, pledging already encumbered property is *not* prohibited conduct under § 727.

■ Assuming for the moment that the debtor, realizing that he had no free property to offer, drafted a fictitious collateral list to satisfy the bank, we still would have no basis on which to deny the discharge entirely. Accordingly, we must dismiss the bank's complaint, and allow the discharge granted on May 12, 1983 to remain undisturbed.

\* \* \*

Our disposition of these two § 727 complaints says nothing about the validity of any claim *that might have been timely brought* under § 523. We can, and frequently do, permit new causes of action to be added to a complaint by way of amendment, so long as the amendment is filed within the time period which would govern if it were an initial complaint instead of an amendment.

■ Our result only highlights the intrinsic differences between a § 523 challenge and one brought under § 727. We must continue to respect the distinctions drawn by Congress when it drafted the Bankrupt-

---

**4.** The first count of the complaint, seeking relief from the automatic stay of 11 U.S.C., § 362, has been settled by agreed order. The remaining two counts seek a denial of discharge under § 727. For all practical purposes, the creditor is satisfied and the entire proceeding is moot.

**5.** Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss, p. 1.

**6.** Nothing in this file points to error on the part of counsel other than his own motion. In a matter of such strategic importance as the elec-

tion of remedies, the creditor-client bears the paramount responsibility. In point of fact, given the weaknesses of proof as they developed at the trial, counsel's claim of "clerical error" was the *only* way in which the case could have been salvaged at the last minute.

**7.** The recess was called to encourage counsel in one final attempt at settlement. Even without the recess and the resulting cross-motions, of course, we would have reached the same result, dismissal of the complaint.

cy Code, and cannot entertain complaints to determine the dischargeability of a debt raised after the deadline date, even if by way of amendment to a timely filed § 727 complaint. Appropriate orders will be entered in each of these cases today.