**In re Elvin Earl HARGIS, Debtor.**

**SECRETARY of LABOR, Plaintiff,**

v.

**Elvin Earl HARGIS, Defendant.**

**Bankruptcy No. 1–82–00495.**
**Adv. No. 1–83–0024.**

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 21, 1984.

David W. Anderson, Cole, Harned & Broderick, Bowling Green, Ky., for defendant.

Frank Steiner, U.S. Dept. of Labor, Nashville, Tenn., for plaintiff.

Henry Dickinson, Glasgow, Ky., Trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

In this case we are called upon to determine whether the debtor, Elvin Earl Hargis, should be denied a discharge under the provisions of 11 U.S.C. 727(a)(2) due to his alleged concealment of assets in his Chapter 7 liquidation case. A detailed summary of the facts surrounding this well-litigated controversy is necessary for a basic understanding of the questions confronting this court.

In 1980 the Secretary of Labor brought an action against the debtor under sections 17 and 16(c) of the Fair Labor Standards Act (FLSA). A default judgment was entered against the debtor by the U.S. District Court for the Western District of Kentucky on May 26, 1981. The court enjoined the debtor from future violations of the FLSA and ordered him to pay $7,592.02[1] within 30 days after the entry of judgment.

---

1. The $7,592.02 represents amounts due the debtor's employees for unpaid wages and liquidated damages.

The debtor failed to pay as required by the judgment, and in the period between July 25, 1981 and May 29, 1982, the debtor repeatedly violated the FLSA.[2]

As a result of the debtor's failure to comply with court orders, a civil contempt action was brought against him by the Department of Labor. On August 4, 1982, the U.S. District Court of the Western District of Kentucky "advised in an oral opinion ..., that the [debtor] ... failed to comply with the order of Honorable Edward H. Johnstone entered May 26, 1981 and ... [was] in contempt of the order ..."[3]. The court ordered that the Department of Labor submit proposed findings of fact and conclusions of law.

Prior to the entry of judgment in the contempt action, on October 22, 1982, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. In the schedules accompanying his petition the debtor did not list either his wife as a partner in his construction business or certain assets held by his wife[4] as partnership assets of his construction business.

In January, 1983, the U.S. District Court for the Western District of Kentucky entered a judgment finding the debtor in contempt of court and ordering the debtor to pay the $7,592.02 plus interest due under the May 26, 1981 judgment; $2,938.88 in expenses to the U.S. Labor Department; and $6,838.02 in additional back wages and liquidated damages. The district court also found as a fact that the debtor's wife was a partner in his construction business.[5]

On March 3, 1983 the U.S. Secretary of Labor filed an "objection to discharge" in this case. The entire text of the objection is as follows:

The Secretary of Labor objects to the discharge of the debtor since in these proceedings he has denied the existence of and refused to reveal assets which are part of his contracting business. In support of this objection, the Secretary of Labor relies upon the Order and Findings of Fact and Conclusions of Law entered on January 31, 1983, in *Raymond J. Donovan, Secretary of Labor v. Elvin E. Hargis*, USDC WD Ky., at Bowling Green, Civil No. C–80–0064–BG (copies attached). In that case, the defendant has filed a motion to set aside order to which the plaintiff has responded (copies attached).[6]

Since this objection there has been a flurry of motions and responses relating to this issue.[7] The pleadings which we specifically address in this opinion are the pending cross-motions for summary judgment.

\*    \*    \*    \*    \*    \*

■ The initial issue which we consider is whether a complaint which states a cause of action under 11 U.S.C. § 727 can be amended to allow a claim to be asserted pursuant to § 523, after the deadline for filing objections to discharge has passed.[8]

---

**2.** *Raymond J. Donovan, Secretary of Labor v. Elvin E. Hargis*, C–80–0064–BG (W.D.Ky. Jan. 31, 1983) [Hereinafter cited as *Secretary of Labor v. Hargis*].

**3.** Order of the United States District Court, Western District of Kentucky, in the case of *Secretary of Labor v. Hargis*, dated August 4, 1982.

**4.** The property in controversy consists of: (1) Six parcels of real estate in Bowling Green, Warren County, Kentucky, at 1518 Kenton, 1522 Kenton, 319 Seventh Street, 1224 Crewson, 1308 Leman and 1524 Kenton, and (2) The vehicles listed in the debtor's 1980 and 1981 federal tax returns as business property on Schedule C and not listed on the debtor's schedules in this action. The properties have a total value in excess of $140,000.00. *Secretary of Labor v. Hargis*, at 3.

**5.** *Id.* at 4.

**6.** Hearings on the motion to set aside the contempt order have been postponed pending a decision from this court determining the dischargeability of the debtor. Order of the United States District Court, Western District of Kentucky, in the case of *Secretary of Labor v. Hargis*, dated November 2, 1983.

**7.** A total of ten separate motions and/or responses have been filed in this case since the initial complaint.

**8.** The court is being charitable in our treatment of the Secretary's initial complaint as an objection to discharge under § 727(a)(2). It is true that under the Federal Rules of Civil Procedure very little is required in a complaint as long as it sets forth a basis upon which relief can be

The question was clearly answered by this court in the case of *In re Fehrle,* 34 B.R. 974 (Bkrtcy.W.D.Ky.1983). There we stated that:

> [Bankruptcy Courts] have broad discretionary power to allow supplemental pleading and freely permit complaints to be amended when necessary ... However, we do not simply rubber-stamp proposed amendments; we require a "sufficient identity" between the original complaint and the proposed amendment.

> In a prior case, *In re Channel,* [29 B.R. 316 (Bkrtcy.W.D.Ky.1983) ], we stated that a § 523 complaint may not be *amended* into a § 727 cause of action, after the time had expired for initiating a suit of the latter sort, because of "gross differences not only in the basis of the claim and its allegations but in the type, measure and burden of proof." ... Our answer is the same when the question is inversely viewed; a § 727 complaint may not be untimely *amended* into a § 523 one. [footnotes omitted] [9]

We therefore hold in this case that the Secretary of Labor may not amend his complaint to include a § 523 claim.

The only issue remaining before this court is whether the debtor violated § 727(a)(2) by failing to list either his wife as a partner in his business or certain assets held by his wife, in her name, as partnership assets of his construction business.[10]

To sustain an objection to discharge under § 727(a)(2) of the Bankruptcy Code, it must be shown that:

1) the act complained of was either done at a time within one year of the date of the filing of the petition [727(a)(2)(A) ] or the act was done with respect to the property of the estate after the filing of the petition [727(a)(2)(B) ];

2) the act was done with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code;

3) the act was that of the debtor or his duly authorized agent;

4) the act consisted of transferring, removing, destroying or concealing any of the debtors property or permitting any of these acts to be done.[11]

■ The burden of proving the above enumerated facts is on the objecting party.[12] To sustain a charge under this Section it must appear from the record, by persuasive and convincing evidence,[13] that the debtor concealed the property in question with actual, as distinguished from con-

---

sought, *In re Overmyer,* 32 B.R. 597 (Bkrtcy.S.D. N.Y.1983). It is also true that great liberality should be afforded in the pleading of fraud in a bankruptcy, *In re O.P.M. Leasing Service, Inc.,* 32 B.R. 199 (Bkrtcy.S.D.N.Y.1983). However, the vague and brief "objection to discharge" filed by the Secretary in this case strains the most liberal concepts of notice pleading. However, since enough information can be gleaned from the complaint and its attached documents to allow the debtor's counsel to frame a responsive pleading and prepare for trial, the complaint will be deemed sufficient as an objection to discharge under § 727(a)(2). *See In re Klein,* 31 B.R. 947 (Bkrtcy.E.D.N.Y.1983). Under no rule of liberality or generous concept of construction can the "objection to discharge" filed in this case be considered a complaint excepting discharge of a particular debt under § 523 of the Bankruptcy Code.

9. *In re Fehrle,* 34 B.R. 974, 975 (Bkrtcy.W.D.Ky. 1983). *See also In re Channel,* 29 B.R. 316, 318

(Bkrtcy.W.D.Ky.1983); *In re Wahl,* 28 B.R. 688 (Bkrtcy.W.D.Ky.1983).

10. As we have observed, note 8 *supra,* the complaint filed by the Secretary of Labor is far from a model of clarity. It is our opinion that the particular subsection of § 727 on which the Secretary of Labor bases his claim is (a)(2). See text accompanying note 6, *supra.*

11. *See In re Waddle,* 29 B.R. 100 (Bkrtcy.W.D. Ky.1983); 4 Collier on Bankruptcy ¶ 727.02[1] (15th Ed. 1979).

12. *In re Martin,* 698 F.2d 883, 887 (7th Cir.1983); Rule 407, Rules of Bankruptcy Procedure, Bkr. L.Ed., *Rules Commentary and Analysis,* § 5:216 (1979).

13. *In re Galbraith,* 17 B.R. 302, 304 (Bkrtcy.M.D. Fla.1982).

structive; intent to hinder, delay or defraud.[14]

In the present case the plaintiff's major objection to the debtor's discharge is based on the fact that the debtor failed to list certain assets in his bankruptcy schedules. There has been a long-standing dispute[15] between the debtor and the Secretary of Labor over whether these assets held in his wife's name constituted partnership assets of the debtor's business. The debtor and his wife have continually denied that she was a partner in the debtor's construction business and that the assets in question were assets of the partnership.[16] It is our considered opinion that the debtor's failure to list the assets on the schedules accompanying his bankruptcy was merely a consistent restatement of this long held position. It is true that on August 4, 1982, nearly 3 months before the debtor filed his Chapter 7 petition, the U.S. District Court found that the debtor was in contempt of court and that the debtor had failed to meet his burden of showing his ability to pay the 1981 judgment.[17] However, the findings of fact and conclusion of law in that case were not entered by the court in that case until January 31, 1983, some 3 months after the debtor's petition in bankruptcy was filed. Furthermore, there was no finding of fact or conclusion of law in the January 1983 judgment which clearly indicates that property at issue in this case was, in fact, partnership property. In the absence of such a finding we are required to hold that the debtor did not violate § 727(a)(2) by failing to list the alleged "partnership assets" in the bankruptcy schedules which were filed with his Chapter 7 petition.

In spite of this finding, however, we cannot grant the debtor a summary judgment on this issue of dischargeability because there remains a genuine issue of material fact[18] on the issue of whether the debtor fraudulently concealed assets of the estate by failing to list his wife as a partner in his business. This question was only peripherally addressed by counsel for the parties in this action. However, if it is found that the debtor failed to identify his wife as a partner in his construction business[19] with the intent to fraudulently conceal assets which could be used to satisfy claims of creditors of that business, then he would be denied a discharge. Since the issue here is one of the debtor's intent[20] and the parties have failed to clearly address it in their respective pleadings, it is clear that summary judgment cannot be granted on this issue.

In our analysis of the case we have given appropriate deference to the findings of fact and conclusions of law of our senior court, to which of course any appeal of our own determinations might be taken. This court will give the widest possible application to Judge Siler's opinion in future proceedings in this matter,[21] and out of fair-

---

**14.** *In re Pioch,* 235 F.2d 903 (3d Cir.1956); *In re Tuttle,* 5 C.B.C.2d 618, 15 B.R. 14 (Bkrtcy.D.Kan. 1981).

**15.** Apparently this dispute has been raging since before 1976. See *Secretary of Labor v. Hargis,* at 3.

**16.** Under the law of Kentucky a partner is liable for the debts of the partnership. *See* KRS 362.-285, .300, .305, .330, .335, .345.

**17.** See note 3 *supra.*

**18.** *See generally Matter of Citizens Loan and Sav. Co.,* 621 F.2d 911 (8th Cir.1980).

**19.** A review of the debtor's case file reveals that the debtor never amended his petition to reflect the fact that his wife had been adjudged a partner in his business by the U.S. District Court of the Western District of Kentucky. This court has the power to take judicial notice of the entire bankruptcy file in a case before it; *In re Leach,* 35 B.R. 100 (Bkrtcy.W.D.Ky.1983).

**20.** *See In re Proof of Pudding, Inc.,* 10 B.R. 459 (Bkrtcy.S.D.N.Y.1981).

**21.** The prior judgment between these parties in *Secretary of Labor v. Hargis* bars them from relitigating certain issues under the doctrine of collateral estoppel.

Under this doctrine, four criteria must be established before a prior determination is deemed conclusive in a subsequent proceeding:

1) the issue sought to be precluded must be the same as that involved in the prior litigation;

2) the issue must have been actually litigated;

3) the issue must have been determined by a valid and final judgment; and

ness to the defendant we must emphasize the seriousness of the previous finding that Mrs. Hargis was in fact a partner in the construction business. With that central fact established beyond question, our § 727 inquiry will be limited to the question of *why* the name of Mrs. Hargis, and partnership properties in her name, were deleted from the bankruptcy petition. That is to say, the sole issue at the trial of this matter will be whether the omission was the product of wrongful intent.

The court also wishes to note that due to the nature and gravity of the charges in this case, and because there now appears to be at least a possibility of the existence of additional property of the estate which may be subject to administration, the trustee, Henry Dickinson, is invited to review the content of this opinion for such action as he may deem appropriate.

Therefore upon the foregoing reasoning and authorities, it is hereby ORDERED that the debtor is granted a partial summary judgment on the issue of whether his failure to list certain properties as partnership assets constituted a violation of § 727(a)(2). A separate judgment shall be entered today. It is further ORDERED that this case is set for pre-trial conference on 12/11/84 at 9:45 am CST, in the Chambers of the undersigned.

---

4) the determination must have been essential to the judgment.
*Lovell v. Mixon,* 719 F.2d 1373 (8th Cir.1983); *In re Piper Aircraft Distribution System Anti-Trust Litigation,* 551 F.2d 213 (8th Cir.1977); *See also In re Channel,* 23 B.R. 638 (Bkrtcy.W.D.Ky. 1982); *In re Miller,* 23 B.R. 636 (Bkrtcy.W.D.Ky.

1982); *In re Davis,* 23 B.R. 633 (Bkrtcy.W.D.Ky. 1982). This court expressly reserves judgment on the question of which specific issues the parties are estopped from relitigating by the U.S. District Courts opinion in the *Secretary of Labor v. Hargis* case.