In re .Rockland BROWN and
Tammy Brown, Debtors.

FORT KNOX FEDERAL CREDIT
UNION, Plaintiff,

v.

Rockland BROWN and Tammy
Brown, Defendants.

Bankruptcy No. 97–32101(2)7.
Adversary No. 97–3172.

United States Bankruptcy Court,
W.D. Kentucky.

May 11, 1998.

Gregory I. Thompson, Elizabethtown, KY, for Debtors.

Kyle Cooper, Greene and Cooper, Louisville, KY, trustee.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is presently before the Court on the Motion of the Plaintiff, Fort Knox Federal Credit Union ("Plaintiff"), to amend its Complaint. Plaintiff's original Complaint, which was timely filed, sets forth a cause of action under 11 U.S.C. § 727(a)(6)(A). Plaintiff now seeks by this Motion to amend its Complaint to add a new claim under § 523(a)(2)(B). Plaintiff makes its Motion following the expiration of the deadline for filing nondischargeability actions. Plaintiff additionally seeks to withdraw its § 727(a)(6)(A) cause of action.

The Court has fully read the briefs filed by both parties, as well as the entire file, and has conducted additional research of its own. Having done so, the Court holds, for the reasons set forth below, that a complaint stating a cause of action under § 727 cannot be amended to add a new claim under § 523, after the deadline for filing nondischargeability actions has passed. Accordingly, Plaintiff's Motion to Amend is overruled.

Plaintiff's Motion additionally requests that its objection to discharge under § 727(a)(6)(A) be withdrawn, conceding that the grounds supporting that claim have now become moot. Thus, the Court will dismiss this Adversary Proceeding, as there are no further claims asserted by Plaintiff's original Complaint.

## FACTS

The Debtors, Rockland and Tammy Brown ("Debtors"), filed their Chapter 7 Petition in Bankruptcy on April 24, 1997. The deadline for filing nondischargeability actions was July 29, 1997. Plaintiff decided to depose the Debtors pursuant to Bankruptcy Rule 2004, and scheduled that deposition for July 24, 1997, five days before the deadline expired. The Debtors failed to appear for that deposition. Consequently, that same day, July 24, 1997, the parties executed and tendered an Agreed Order extending the deadline for filing nondischargeability actions to August 15, 1997.

A second deposition of the Debtors was scheduled for August 6, 1997, which was again ultimately rescheduled for August 13, 1997. The Debtors once again failed to appear. Plaintiff asserts it once again attempted to enter into an agreement with the Debtors to extend the deadline for filing nondischargeability actions, but was unable to reach the Debtors' counsel.

Consequently, on August 15, 1997, the bar date, Plaintiff filed this Adversary Proceeding asserting a cause of action under § 727(a)(6)(A) due to the Debtors' failure to appear for their August 13, 1997 deposition. In addition, Plaintiff included language attempting "to preserve all possible grounds for objecting to discharge ... for those reasons set forth in 11 U.S.C. Section 523" (Complaint ¶ 7). Plaintiff's Complaint does not, however, contain any factual allegations to support a claim under any subsection of § 523. Nor does it assert a specific claim or theory under that section.

Thereafter, on August 22, 1997, the Debtors were finally deposed. Based upon their testimony, Plaintiff filed a Motion to Amend its Complaint to assert a cause of action under § 523(a)(2)(B), setting forth completely new factual averments that do not appear in the original Complaint. Additionally, Plaintiff sought in its Motion to Amend its Complaint a complete dismissal of its § 727(a)(6)(A) action.

The Court overruled Plaintiff's Motion to Amend its Complaint by Order entered October 28, 1997. Plaintiff again renewed its Motion during the December 19, 1997 telephonic pre-trial hearing. The Court, at that time, allowed the parties to file briefs on this issue.

## LEGAL ISSUE

The sole issue the Court must consider is whether a complaint which states a

cause of action under 11 U.S.C. § 727 can be amended to allow a claim to be asserted pursuant to § 523, after the deadline for filing objections to discharge has passed.

Bankruptcy Rule 4007 establishes the procedure for filing nondischargeability actions under § 523. Of interest to this Court is Subsection (c) of B.R. 4007, which sets forth the time constraints for filing such actions. Subsection (c) reads:

> (c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATION, AND CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASES; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code *shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).* The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. (emphasis added).

Bankruptcy Rule 4007(c) governs the filing of nondischargeability complaints for debts falling within the scope of § 523(c). That section encompasses the claim Plaintiff now wishes to assert under § 523(a)(2)(B). Section 523(c)(1) states:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after a notice and hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

Thus, § 523(c) and B.R. 4007(c) place a heavy burden on a creditor to protect his or her rights. *In re Alton,* 837 F.2d 457, 460 (11th Cir.1988); *Matter of Sam,* 894 F.2d 778, 781 (5th Cir.1990); *In re Walker,* 927 F.2d 1138, 1144–45 (10th Cir.1991). The creditor must not only file an adversary proceeding in which the creditor requests a determination of nondischargeability, but must do so within the time constraints of B.R. 4007(c): "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341." *In re Compton,* 891 F.2d 1180, 1184–85 (5th Cir.1990); *Walker,* 927 F.2d at 1144–45. Failure to make such a timely request will subject the debt to discharge. *Alton,* 837 F.2d at 460; *Sam,* 894 F.2d at 781. Moreover, while B.R. 4007(c) permits the 60 day period to be extended for cause, the creditor must make a motion for such relief prior to the expiration of that deadline. B.R. 4007(c); *See also Alton,* 837 F.2d at 457; *In re Knobel,* 54 B.R. 458 (Bankr.D.Col.1985). While the parties did successfully extend the deadline from July 29, 1997 to August 15, 1997, Plaintiff allowed the rescheduled August 15, 1997 deadline to pass without making a motion for an extension of time.

Plaintiff now moves for leave to *amend* its Complaint to add a cause of action under § 523(a)(2)(B). Bankruptcy Rule 7015 adopts Rule 15 of the Federal Rules of Civil Procedure, which permits a party to amend its pleadings under the following conditions:

> (a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Subsection (c) of Rule 15 allows an amended pleading to relate back in time to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See also In re Wahl,* 28 B.R. 688, 690 (Bankr.W.D.Ky. 1983); *In re Channel,* 29 B.R. 316, 317–18 (Bankr.W.D.Ky.1983).

In considering whether an amended pleading falls within the scope of this provision, the Court is directed to apply the "sufficient identity" test, adopted by this Court in 1983 by the *In re Wahl* decision. 28 B.R. at 690–91; *In re Hargis*, 44 B.R. 225 (Bankr.W.D.Ky.1984) (applying the *Wahl* sufficient identity test); *In re Fehrle*, 34 B.R. 974 (Bankr.W.D.Ky.1983) (applying the *Wahl* test); *In re Channel*, 29 B.R. at 316 (applying the *Wahl* test); *See also In re Harrison*, 71 B.R. 457, 459–460 (Bankr.D.Minn.1987) (applying the *Wahl* sufficient identity test); *See also In re Magno*, 216 B.R. 34, 39 (9th Cir. BAP 1997). Under the *Wahl* sufficient identity test, an amendment is permitted only if there is:

> ... sufficient identity between the causes of action asserted in the amended complaint and the basis of the action in the original complaint to enable the amendment to relate back to the original claim.

*Wahl*, 28 B.R. at 690–91; *Channel*, 29 B.R. at 318; *Fehrle*, 34 B.R. at 975; *Hargis*, 44 B.R. at 228. "In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but *whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim*." *Wahl*, 28 B.R. at 690 (quoting *In re Dean*, 11 B.R. 542, 545 (9th Cir. BAP 1981)) (emphasis added); *Accord Magno*, 216 B.R. at 39. Such a link will be found to exist when "the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed..." *Wahl*, 28 B.R. at 690 (quoting *Dean*, 11 B.R. at 545); *Magno*, 216 B.R. at 39. Accordingly, the focus of the Court's inquiry must be on "the factual allegations made in the two complaints so as to give the opposing party fair notice of the claims against him." *Magno*, 216 B.R. at 39; *Accord Wahl*, 28 B.R. at 690.

In this case, Plaintiff's original Complaint contained absolutely no factual allegations to support any § 523 nondischargeability action. Nor did Plaintiff even reference a general allegation of wrongdoing under § 523.

Moreover, there is an extensive line of case law, including three cases decided by this Court, in which the *Wahl* sufficient identity test has been applied to preclude the amendment of a § 727 complaint to add a cause of action under § 523 after the deadline for filing nondischargeability actions, regardless of the factual allegations contained in the original complaint. *Magno*, 216 B.R. 34 (9th Cir. BAP 1997); *In re Hargis*, 44 B.R. 225 (Bankr.W.D.Ky.1984); *In re Fehrle*, 34 B.R. 974 (Bankr.W.D.Ky.1983); *In re Channel*, 29 B.R. 316 (Bankr.W.D.Ky.1983) (Court held that a § 523 complaint may not be amended into a § 727 cause of action, after the time had expired for initiating nondischargeability actions); *In re Harrison*, 71 B.R. 457 (Bankr.D.Minn.1987); *In re Perez*, 173 B.R. 284 (Bankr.E.D.N.Y.1994); *In re Rufenacht, Bromagen, and Hertz, Inc. v. Russell*, 69 B.R. 394, 395 (D.Kan.1987); *In re Mufti*, 61 B.R. 514, 517 (Bankr.C.D.Cal.1986); *See also, In re Cohen*, 139 B.R. 327 (Bankr.E.D.Pa. 1992) (Court disallowed amendment to add a § 727(a)(2)(A) claim to a complaint which originally asserted only a § 523(a)(2)(A) claim, even though the plaintiff wrote § 727 on the original adversary cover sheet and the amended § 727 claim did not allege new facts.).

These cases all recognize that there are "gross differences" between causes of action brought under § 523(a) and those brought under § 727, "as to the necessary factual basis of the claims, the allegations which must be pleaded, the type, measure, and burdens of proof involved and the ultimate effect of judgment in a plaintiff's favor on the availability of bankruptcy relief to the debtor." *Harrison*, 71 B.R. at 459; *Channel*, 29 B.R. at 318 ("As between a nondischargeability complaint and a general objection to discharge there are gross differences not only in the basis of the claim and its essential allegations, but in the type, measure and burden of proof."); *Fehrle*, 34 B.R. at 975; *Hargis*, 44 B.R. at 228; *See also Magno*, 216 B.R. at 40–41.

Specifically, when a creditor asserts a cause of action under § 523(a), it seeks to vindicate only its own debt, alone. *Harrison*, 71 B.R. at 459. By contrast, a cause of action asserted under § 727 seeks to deny a debtor a discharge in bankruptcy in its en-

tirety. *Id.* By bringing a § 727 cause of action, "a private creditor assumes something of the role of a trustee." *Id.; See also Magno,* 216 B.R. at 41–42. "Section 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectional conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor." *Harrison,* 71 B.R. at 459; *Magno,* 216 B.R. at 41–42. Consequently, the above-cited cases have held that § 523(a) exceptions to discharge and § 727 objections to discharge are "two completely distinct and radically-different causes of action." *Harrison,* 71 B.R. at 459; *Channel,* 29 B.R. at 318; *Fehrle,* 34 B.R. at 975; *Hargis,* 44 B.R. at 228. In fact, this Court has described these two causes of action as "lawsuits without generic connection." *Channel,* 29 B.R. at 318; *Fehrle,* 34 B.R. at 975; *Accord Hargis* 44 B.R. at 228.

Consequently, any motion to amend an adversary proceeding initially based on one of these provisions of the Bankruptcy Code, to join a new count asserting the other, must be made prior to the bar date. As Plaintiff's Motion to Amend its Complaint to add the § 523(a)(2)(B) cause of action was made after the already once-extended bar date had expired, its Motion must be denied. Plaintiff's proper remedy would have been to move the Court for an additional extension of the bar date before it expired.

### CONCLUSION

For the above stated reasons, the Court by separate Order will overrule Plaintiff's Motion to Amend its Complaint to add a § 523(a)(2)(B) cause of action. Plaintiff has additionally requested that its § 727(a)(6)(A) claim be withdrawn, conceding that the grounds supporting that claim were mooted by the Debtors' appearance for their deposition on August 22, 1997. Accordingly, as that was the only claim asserted by Plaintiff's original Complaint, this Adversary Proceeding will be dismissed for failure to state a claim.