### In re SLAUGHTER COMPANY AND ASSOCIATES, INC., Debtor.

### Neil C. Gordon, Chapter 7 Trustee for the Estate of Slaughter Company and Associates, Inc., Plaintiff,

### v.

### Jason Slaughter, Defendant.

**Bankruptcy No. 96–71325.
Adversary No. 98–6374.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Sept. 15, 1999.

Neil C. Gordon, Macey, Wilensky, Cohen, Wittner, et al., Atlanta, GA, for plaintiff.

Michael D. Harper, Michael D. Harper, P.C., Atlanta, GA, for defendant.

## ORDER DENYING TRUSTEE'S MOTION TO AMEND

MARGARET H. MURPHY, Bankruptcy Judge.

Before the court is Trustee's motion to amend the complaint. Defendant opposes the motion. For the reasons set forth below, Trustee's motion to amend is denied.

Debtor's bankruptcy case was filed and Trustee was appointed July 24, 1996. Trustee filed the complaint in this adversary proceeding July 10, 1998 (the "Complaint"), which was a few days before expiration of the two-year statute of limitations in 11 U.S.C. § 546(a). The Complaint seeks to avoid transfers to Defendant pursuant to 11 U.S.C. § 547 or § 548. The Complaint primarily recites the statute and alleges few facts except for a dollar amount which Trustee alleges is the amount of the transfers he seeks to recover. Before Defendant's answer was filed, Trustee amended the complaint to add an exhibit which was omitted from the original complaint. The Complaint sought to recover transfers in the amount of $12,289.17.[1] Defendant filed his answer August 10, 1998.

On August 20, 1998, Trustee filed a motion to amend (the "Second Amendment"), to add transfers discovered during discovery in another adversary proceeding. The Second Amendment increased the amount of the transfers to $18,298.17. Those additional transfers were alleged by simply increasing the dollar amount of the transfer Trustee seeks to avoid. Defendant filed no response to the Second Amendment and an order granting the motion to amend was entered November 6, 1998. Defendant has not filed an answer to the Second Amendment.

Trustee filed the motion to amend the complaint which is the subject of this order (the "Third Amendment") December 14, 1998. In the Third Amendment, Trustee seeks to add an additional transfer of $32,000 which represents repayment of a $30,000 loan by Defendant to Debtor. This additional transfer is alleged in the Third Amendment by simply increasing the dollar amount of the alleged avoidable transfer. On January 4, 1999, Defendant filed a response opposing the Third Amendment.[2] Defendant asserts the Third Amendment should not be allowed because amending the complaint so late and after two prior amendments constitutes harassment. Defendant also asserts that insufficient time remains for discovery regarding the added transfer.[3] Finally, Defendant asserts the two-year statute of limitations set forth in § 546 bars the addition of a new claim and the Third Amendment does not relate back to the date of filing of the Complaint because it alleges a new transaction.

On February 16, 1999, Trustee filed a motion to allow a late-filed reply in sup-

---

1. The Complaint also seeks to recover a transfer of real property to Defendant, but those allegations are not relevant to the instant motion.

2. Pursuant to BLR 7007-1, Defendant's response to Trustee's motion to amend was due ten days after the date of service of the motion, which was the same day as the date of filing. Pursuant to Bankruptcy Rule 9006, when calculating deadlines, intervening weekends and holidays are not counted only when the relevant time period is less than *eight days*. Bankruptcy Rule 9006 allows an additional three days to the relevant time period when service is by mail. Therefore, Defen-

dant's response should have been filed no later than December 27, 1998. Defendant's response was not timely filed but Trustee has not objected to the untimely response.

3. Trustee filed a motion to extend discovery January 29, 1999, but that motion was not accompanied by the memorandum of law required by BLR 7007-1. Defendant filed a response to the motion to extend discovery, but that response was also not accompanied by a memorandum of law required by BLR 7007-1. In light of the conclusions in this order, the motion to extend discovery appears to be moot.

port of Trustee's Third Amendment. Pursuant to BLR 7007-1, Trustee's reply should have been filed within ten days after service of Defendant's response. Bankruptcy Rule 9006 adds three days because service was by mail. The reply was filed almost a month after the deadline of January 17, 1999. In support of the motion to allow the late-filed reply, Trustee alleges excusable neglect but fails to allege any specific facts to support a finding of excusable neglect. Defendant filed a response opposing the motion to allow a late-filed reply. Trustee filed no reply to Defendant's response. Because Trustee failed to allege the factual basis of the asserted excusable neglect which caused the failure to timely file a reply to Defendant's opposition to the Third Amendment, Defendant's opposition has merit. Nevertheless, Trustee's arguments in the late-filed reply have been considered and found to be unpersuasive.

Trustee also filed a motion for imposition of sanctions for Defendant's failure to adequately respond to discovery and a motion to extend discovery. Defendant filed no response to the motion for sanctions but filed a response to the motion to extend discovery that alleged that Defendant had provided all the discovery requested by Trustee and no extension was necessary. In light of the conclusions set forth below regarding Trustee's motion to amend, denial of these discovery motions without prejudice appears appropriate. To the extent that any portion of these motions is not rendered moot by denial of the motion to amend, Trustee may file a pleading renewing the discovery motion.

■ Rule 15(c) of the Federal Rules of Civil Procedure, which is incorporated in Bankruptcy Rule 7015, provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading....

Rule 15(c) allows an amendment asserting new claims to relate back to the date the original complaint was filed if the new grounds arose out of the conduct, transaction or occurrence set forth in the original complaint. *Maes v. Herrera*, 36 B.R. 693 (Bankr.D.Colo.1984).

■ Pursuant to 11 U.S.C. § 546(a), an adversary proceeding alleging a claim to recover a preference pursuant to 11 U.S.C. § 547 or a fraudulent transfer pursuant to § 548 must be filed on or before two years after the entry of the order for relief. This adversary proceeding was filed within the two year limitation of § 546(a). Therefore, if the Third Amendment sets forth a claim arising from the same conduct, transaction, or occurrence as that set forth or attempted to be set forth in the Complaint, the Third Amendment would relate back to the date the Complaint was filed and would be timely under § 546(a).

Trustee presents three arguments in support of the Third Amendment. First, Trustee argues that justice requires allowing the Third Amendment under the principles set forth in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman*, the plaintiff alleged that she and her father orally agreed that in return for her promise to care for and support her mother, her father would not execute a will, thereby ensuring the plaintiff of her intestate share of her father's estate. The plaintiff fulfilled her promise but her father executed a will leaving his estate to his second wife. The plaintiff sued to recover her intestate share of the estate based upon the oral agreement. The trial court dismissed the plaintiff's claim on the grounds that the oral agreement was unenforceable under the statute of frauds. The court also denied the plaintiff's post-dismissal motion to amend the complaint to add a *quantum meruit* theory of recovery.

The Supreme Court held that leave to amend to add a new legal theory should be freely given in the absence of undue delay,

bad faith or dilatory motive on part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of amendment. Trustee alleges none of those factors are present in this case. *Foman*, however, is not precisely on point in the instant adversary proceeding because Trustee does not seek to add a new legal theory but instead seeks to add a claim which will require proof of its own unique set of facts. As discussed below, that distinction is significant. Additionally, even if the principles in *Foman* apply in this adversary proceeding, if the new claim set forth in the Third Amendment does not relate back to the date the Complaint was filed, then the claim would be subject to dismissal as barred by the statute of limitations in § 546. Allowing the amendment would, thus, be a futile act.

█ Trustee's second argument in support of allowing the Third Amendment is that it does relate back to the date the Complaint was filed. Trustee argues that the Complaint alleged Trustee's claim to recover an transfer avoidable under § 547 or § 548; that the Third Amendment sets forth the same claim; and only the amount is different. A review of the cases decided on this issue, however, show that Trustee's argument lacks merit.

In support of his argument, Trustee cites *Fiber–Lite Corp. v. Molded Acoustical Products, Inc. (In re Molded Acoustical Products, Inc.)*, 150 B.R. 608 (E.D.Pa. 1993), a Chapter 11 case in which the debtor had filed an action to avoid several preferential transfers. Shortly before trial, it was discovered that one of the checks issued prepetition was not honored by the debtor's bank until four days after the petition was filed. The debtor was allowed to amend its complaint on the day before trial to add a claim to avoid that transfer under § 549. On appeal, the district court noted, "Relation back under Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction has been given all the notice that the statutes of limitations are intended to afford." The court concluded that because the subject check had been at issue since the beginning of the adversary proceeding, the defendant had adequate notice and would not be prejudiced by simply changing the legal theory under which the debtor sought to recover the transfer. The facts in the instant proceeding differ significantly from those in *Fiber–Lite*. Trustee's legal theory has not changed; instead, Trustee seeks to avoid a transfer of which Defendant had no notice in the original Complaint. The holding in *Fiber–Lite* is not persuasive.

Trustee also cites *Farmer v. Osburn*, 203 B.R. 811 (Bankr.S.D.Ga.1996). In *Osburn*, the debtor's former wife sought a determination as to dischargeability under § 523(a)(5) of certain debts arising under the parties' divorce decree. Immediately before the date set for trial of the action, the wife amended the complaint to assert a claim under § 523(a)(15), which is subject to the time bar set forth in Bankruptcy Rule 4007. That time limit had expired when the wife filed the amendment. The court held that, because the new claim arose from the same transactions and set of facts as in the original complaint, the amendment which sought only to add a new legal theory would be allowed. Again, however, the facts in the instant proceeding are the reverse: Trustee seeks to add a new transaction under the same legal theory.

Finally, Trustee cites *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757 (Bankr.D.Mass.1995). The facts in *Grella* are similar to the facts in the instant proceeding. In *Grella*, the Chapter 7 Trustee filed an action under § 548 to avoid transfers to the debtor's prepetition attorneys. The complaint set forth a specific amount and dates but also referred to "other compensation on unspecified dates." *Id.* at 759. The complaint also contained a count two in which the trustee sought to reserve his right to amend the complaint to exer-

cise his powers under §§ 544 and 547 if the facts so warranted in the future. After expiration of the § 546 time limit, the trustee sought to amend to add additional transactions which occurred on dates not originally alleged. The court explained:

> Relation back is to be liberally applied if the original pleading gave the defendant fair notice of the claims that are added in the amendment. Thus, relation back is permissible if a plaintiff seeks to correct a technical mistake or omission, state a new legal theory of relief, or amplify the facts alleged in the prior complaint.

The court concluded that the original complaint gave the defendants fair notice that the trustee was complaining about transactions occurring during the entire history of the relationship between the debtor and the defendants.

In the instant proceeding Trustee argues that he merely increased the amount he sought to recover by adding the $32,000 transfer to the amount alleged in the Complaint. Trustee's complaint, however, is so vague as to be subject to a motion by Defendant for more definite statement. If Trustee were required to state with sufficient specificity the transactions he seeks to avoid, the transfer which gave rise to the increased amount in the Third Amendment would be shown to have arisen from a separate transaction and different set of facts that the transfers alleged in the original complaint. The only common relationship that the transaction added by the Third Amendment has with the transactions in the original Complaint is that they all occurred during the year before the petition was filed. Trustee's original complaint did not evidence an intent to avoid all transfers to Defendant which occurred during that period. Therefore, the holding in *Grella* is not persuasive in this proceeding.

Holdings in other cases are more persuasive than those cited by Trustee. In the case of *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*, 179 B.R. 390 (Bankr.D.Conn.1995), the trustee filed a complaint similar to the Complaint filed in this proceeding, alleging an amount and an antecedent debt. The defendant's motion for more definite statement was granted, which resulted in an amended complaint alleging six transactions. Subsequently, the trustee filed a motion to amend to add allegations inadvertently omitted from the first amended complaint, which was granted. Following discovery, the trustee sought to amend the complaint again to add a claim not previously alleged. The defendant's objection to the addition of a new claim was sustained. The court noted the competing concepts of defining "conduct, transaction or occurrence" broadly to refer to anything during the preference period versus providing defendants with certainty that they will not be required to defend stale claims. The court stated that the debtor-creditor relationship does not alone provide a basis for finding a common scheme or course of conduct that would support relation back. Each transfer is an isolated event.

The holding in *Coan* is persuasive in the instant proceeding. Defendant's status as the son of Debtor's principal seems to present an obvious avenue of investigation which Trustee should have undertaken early in the case, not on the eve of the expiration of the § 546 limitations period. To accept Trustee's argument that the vaguer the allegations in a complaint, the more likely it is that claims may be added after expiration of the statute of limitations contradicts substantive due process concerns which arise in connection with the § 546 statute of limitations. Trustee was accorded two years in which to investigate and identify avoidable transfers to Defendant. Alternatively, Trustee could have alleged in the Complaint a course of conduct or an intent to avoid all transfers to Defendant during the relevant prepetition time period. Trustee did neither and to allow Trustee to use the relation-back doctrine to bootstrap new transactions

onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate. *See Brandt v. Gerardo (In re Gerardo Leasing, Inc.)*, 173 B.R. 379 (Bankr.N.D.Ill. 1994).

A conclusion that the Third Amendment should not be allowed is also supported by *Metzeler v. Bouchard Transportation Co., Inc.*, 66 B.R. 977 (Bankr.S.D.N.Y.1986). In concluding that the amendment should not be allowed, the court noted that the trustee had discovered avoidable transfers before the statute of limitations expired and, if he had been more diligent, he could have discovered the others, which he sought to add by amendment. "The mere allegation that all of the transactions are fraudulent transfers does not make them part of the same conduct." *Id.* at 983. Proof for each transaction would be different and merely pleading the statute offers nothing to which an amendment can relate back. *See In re Peachtree Warehouse Distributors, Inc.*, 1 B.R. 706 (Bankr. N.D.Ga.1979) (J. Kahn). "Courts have consistently treated preferential transactions as separate and distinct under Rule 15(c)." *Metzeler* at 984. Similarly, the court in *Fort Knox Federal Credit Union v. Brown*, 224 B.R. 595 (Bankr.W.D.Ky. 1998), stated:

> In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which Trustee is relying to enforce his amended claim, is identifiable with the original claim.

*Id.* at 598, *quoting In re Wahl*, 28 B.R. 688 (Bankr.W.D.Ky.1983). "Such a link will be found to exist when 'the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed.'" *Id.*

■ In the case of *Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*, 67 B.R. 304 (Bankr.S.D.N.Y.1986), the court examined the difficulty which arises, as in the instant proceeding, when the original complaint pleads a transaction or several transactions and an amendment seeks to add similar transactions. If the original complaint indicates an intention to pursue all transfers, the addition of transfers will relate back, but where the additional transactions are truly separate and do not arise from a common core of operative facts, the amendment should not be allowed. The trustee's state of mind, i.e. his intention to seek recovery of all transfers during the preference period, is irrelevant to the relation back principles of Rule 15(c). The case law discussed above supports a conclusion that by the Third Amendment, the Trustee's attempt to add a new transaction which arises from facts entirely different from the facts which would need to be proved to allow Trustee to prevail on the Complaint, must fail. It would be unfair and futile for the bankruptcy court to force Defendant through the procedural hoops of filing a motion for a more definite statement followed by a motion to dismiss under § 546(a). The claim which Trustee now seeks to add by amendment is outside the time limitation in § 546(a) and, therefore, unless Trustee can avoid the application of § 546(a) to this claim, the Third Amendment should not be allowed.

■ Trustee's final argument in support of allowing the Third Amendment is that the § 546 statute of limitations should be equitably tolled or, in the alternative, that Defendant waived the statute of limitations defense by failing to assert it in response to the Second Amendment. To be entitled to invoke the equitable tolling doctrine, Trustee must show Defendant engaged in inequitable conduct which actually prevented the claim from being timely filed. *Gerardo*, 173 B.R. 379. Trustee alleges that Defendant's misleading answers to discovery requests about the amounts loaned to Debtor constitutes such inequitable conduct. Those discovery requests, however, occurred after the Complaint was filed and after the statute of limitations had already expired. Trustee made no showing that Defendant obscured

facts or refused to submit to a Bankruptcy Rule 2004 examination during the two years before the Complaint was filed. Therefore, the equitable tolling argument is without merit.

 Trustee also asserts that Defendant's failure to raise the statute of limitations defense in opposition to the Second Amendment constitutes a waiver of that affirmative defense, citing *Pugh v. Brook*, 158 F.3d 530 (11th Cir.1998). In the *Pugh* case, the Eleventh Circuit concluded that § 546(a) does not create a jurisdictional bar but provides a statute of limitations that is subject to waiver. Pursuant to Bankruptcy Rule 7008, which incorporated FRCP 8, an affirmative defense based upon a statute of limitations must be set forth in "pleading to a preceding pleading." [4] Logic prevents a conclusion that Defendant's failure to plead the § 546 statute of limitations as to the claim added by the Second Amendment bars Defendant from pleading the § 546 statute of limitations as to the completely new claim added by the Third Amendment.[5] Additionally, a defendant may avoid waiver of an affirmative defense by a motion to amend, which would be denied only if the plaintiff were unduly prejudiced. *Material Supply International, Inc. v. Sunmatch Indus. Co.*, 146 F.3d 983 (D.C.Cir.1998). Trustee failed to show Defendant waived the § 546 statute of limitations defense. As a result, Trustee has failed to overcome Defendant's opposition to the Third Amendment. Accordingly, it is hereby

ORDERED that Trustee's motion to amend is *denied*. It is further

ORDERED that Trustee's motions to extend discovery and for sanctions are denied without prejudice.

---

4. "Pleading" includes both an answer and a pre-answer motion. *See* Bankruptcy Rule 7012, which incorporates FRCP 12.

5. The § 546 statute of limitations defense may be waived as to the claim alleged in the Second Amendment, but that issue is not before this court and is not decided by this order.